IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE HAMILTON, LYNNE P. CUNNINGHAM and CLAIRE KANE, on behalf of themselves and all other employees similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>PARTNERS HEALTHCARE SYSTEM, INC., PARTNERS COMMUNITY HEALTHCARE, INC., THE BRIGHAM AND WOMEN'S HOSPITAL, INC., BRIGHAM AND WOMEN'S/FAULKNER HOSPITALS, INC., FAULKNER HOSPITAL, INC., MARTHA'S VINEYARD HOSPITAL, INC., THE MASSACHUSETTS GENERAL HOSPITAL, MCLEAN HEALTHCARE, INC., THE MCLEAN HOSPITAL CORPORATION, NANTUCKET COTTAGE HOSPITAL, NEWTON-WELLESLEY HOSPITAL, NEWTON-WELLESLEY HEALTH CARE SYSTEM, INC., NORTH SHORE CHILDREN'S HOSPITAL, INC., NORTH SHORE MEDICAL CENTER, INC., NSMC HEALTHCARE, INC., THE SALEM HOSPITAL, UNION HOSPITAL AUXILIARY OF LYNN, INC., YOUVILLE HOSPITAL & REHABILITATION CENTER, INC., JAMES J. MONGAN, M.D., AND DENNIS D. COLLING,<br><br>DEFENDANTS. | **NOTICE OF REMOVAL BY DEFENDANTS**<br><br>CIVIL ACTION<br><br>NO. _____<br><br>(Superior Court Department, Middlesex County, Commonwealth of Massachusetts, Civil Action No. 2009-3540) |

**NOTICE OF REMOVAL BY DEFENDANTS**

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants[1] by and through their attorneys, state the following grounds for removal of this action to the United States District Court for the District of Massachusetts:

1.  A civil action brought by named Plaintiffs Diane Hamilton, Lynne P. Cunningham, and Claire Kane, on behalf of themselves and all other employees similarly situated, is pending against Defendants and named defendant Youville Hospital & Rehabilitation Center, Inc., in the Middlesex Superior Court, Commonwealth of Massachusetts, Civil Action No. 09-3540. ("State Court Action").  Copies of the Summonses and Complaint that have been served upon the Defendants in the State Court Action are attached to this Notice collectively as Exhibit A.  A review of the docket in the State Court Action reveals that the only documents on file, besides the Summonses and Complaint, are: (1) a Motion for Appointment of Process Server; (2) an order granting same; (3) an Assented Motion for Enlargement of Time for Defendants to Answer or Otherwise Respond to the Complaint, with endorsed Order allowing that Motion; and (4) and an Assented Motion for Enlargement of Time for Defendant Youville Hospital & Rehabilitation Center to Answer or Otherwise Respond to the Complaint, with an endorsed

---

[1] Partners HealthCare System, Inc., Partners Community HealthCare, Inc., The Brigham and Women's Hospital, Inc., Brigham and Women's/Faulkner Hospitals, Inc., Faulkner Hospital, Inc., Martha's Vineyard Hospital, Inc., The Massachusetts General Hospital, McLean HealthCare, Inc., The McLean Hospital Corporation, Nantucket Cottage Hospital, Newton-Wellesley Hospital, Newton-Wellesley Health Care System, Inc., North Shore Children's Hospital, Inc., North Shore Medical Center, Inc., NSMC HealthCare, Inc., The Salem Hospital, Union Hospital Auxiliary of Lynn, Inc. (collectively "Hospital Defendants"), James J. Mongan, M.D. ("Defendant Mongan"), and Dennis D. Colling ("Defendant Colling") are collectively referred to as  "Defendants".  This Notice of Removal is submitted on behalf of these Defendants, who expressly consent through their undersigned counsel to join in the removal of the State Court Action to this Court.  Named defendant Youville Hospital & Rehabilitation Center, Inc., is not represented by undersigned counsel, although it expressly consents to join in this Notice of Removal and the removal of the State Court Action to this Court.

Order granting that Motion. A copy of the Case Summary Civil Docket from the State Court Action and the pleadings and orders served on Defendants other than the Summonses and Complaint are attached as Exhibit B.

2. Defendant Youville Hospital & Rehabilitation, Center, Inc., and the following other named defendants were each served with the Summons and Complaint in the State Court Action on or about but not before September 17, 2009: The Brigham and Women's Hospital, Inc., Brigham and Women's/Faulkner Hospital, Inc., Faulkner Hospital, Inc., The Massachusetts General Hospital, McLean Healthcare, Inc., The McLean Hospital Corporation, Newton-Wellesley Hospital, Newton-Wellesley Health Care System, Inc., North Shore Children's Hospital, Inc., North Shore Medical Center, Inc., NSMC Healthcare, Inc., The Salem Hospital, Union Hospital Auxiliary of Lynn, Inc., James J. Mongan, M.D. and Dennis D. Colling. On or about but not before September 29,2009, the undersigned counsel for the remaining named Defendants Partners HealthCare System, Inc., Partners Community HealthCare, Inc., Martha's Vineyard Hospital, Inc., and Nantucket Cottage Hospital received their Summonses and Complaint and accepted service on their behalves. Prior to the September 17, 2009 date of service, neither defendant Youville Hospital & Rehabilitation Center, Inc., nor any of the Defendants were served with a copy of the Summons and Complaint or any other pleading in the State Court Action. Accordingly, this Notice of Removal is timely filed within thirty (30) days of formal service of the Summons and Complaint pursuant to 28 U.S.C. § 1446(b). Each named defendant in the above-styled action expressly consents to join in this Notice of Removal and the removal of the State Court Action to this Court, including Defendant Youville Hospital & Rehabilitation Center, Inc., which is not represented by the undersigned counsel but expressly

consents to join in this Notice of Removal and will file written notice of its consent with this Court.

3. The District Court for the District of Massachusetts is the district and division embracing the place where the State Court Action is pending. Venue in this Court is also appropriate because a substantial part of the events giving rise to the claim occurred in this judicial district. 28 U.S.C. § 1391(a)(2).

4. Removal is appropriate under 28 U.S.C. § 1441(b) and (c) because Plaintiffs have asserted claims arising out of the laws of the United States that are completely preempted by federal law. Specifically, the State Court Action includes claims that are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act of 1974 ("ERISA"). Thus, it is a civil action over which this Court has original "federal question" jurisdiction under 28 U.S.C. § 1331, in that the action arises under the Constitution, laws, or treaties of the United States.

5. The State Court Action is based on allegations that the Defendants have "policies and practice of not properly paying employees for all hours worked including applicable premium pay . . . ." State Court Action Complaint, ¶66. Specifically, Plaintiffs assert that Defendants failed to pay Plaintiffs for: (1) work performed during meal breaks; (2) work performed before or after their scheduled shifts, and (3) time spent attending training programs. State Court Action Complaint, ¶¶ 74-102. Based on these allegations, Plaintiffs have alleged the following claims: Count I ,Violation of Mass. Gen. Laws Ch. 149 §148; Count II, Failure to Pay Overtime Wages in Violation of Mass. Gen. Laws. Ch. 151 §§1A; Count III, Breach of Contract: Failure to Pay Earned Wages; Count IV, Breach of Contract: Failure to Provide and Pay for Missed or Interrupted Meal Breaks; Count V, Breach of Implied Contract; Count VI,

Money Had and Received in Assumpsit; Count VII, Quantum Meruit/Unjust Enrichment; Count VIII, Fraud; Count IX, Negligent Misrepresentation; Count X, Equitable Estoppel; Count XI, Promissory Estoppel; Count XII, Conversion; and Count XIII, Failure to Keep Accurate Records. State Court Action Complaint, ¶¶162-197.  Plaintiffs seek to recover as part of their request for relief "unpaid wages, including fringe benefits." State Court Action Complaint at ¶"WHEREFORE," (c) (following ¶197).[2]

6.    Plaintiffs purport to represent a class of current and former employees of Defendants.  Many of the individuals in the purported class, including named Plaintiff Cunningham, are or were members of a union and subject to at least thirteen (13) different collective bargaining agreements ("CBAs") applicable to many of the Hospital Defendants and Plaintiff Cunningham's former employer, Shaughnessy Kaplan Rehabilitation Hospital ("SKRH"), which is not a named defendant but rather is alleged by Plaintiffs to be one of the "Health Centers" of the named defendants as set forth in the Plaintiffs State Court Action.  State Court Action Complaint, ¶ 5.  As unionized employees, Plaintiff Cunningham and many putative class members were or are subject to the provisions in their respective CBAs relating to scheduled hours, breaks, compensation, overtime and other premium pay, and grievance procedures.  (Copies of the Collective Bargaining Agreements governing Plaintiff Cunningham's employment with SKRH are attached hereto as Exhibit C-E.)

---

[2] While Defendants dispute the allegations in Plaintiffs' Complaint, they form the basis for the removal analysis because jurisdiction is normally ascertained from the face of the state court complaint. *Danca v. Private Health Care Sys., Inc.,* 185 F.3d 1, 8 (1st Cir. 1999). But there is an exception to focusing solely on the face of the Complaint. *Id*. Where a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded. *Id.* This exception to the well-pleaded complaint rule, present here, is "complete preemption." *Id.*

7. For instance, one of the CBAs governing Plaintiff Cunningham's employment during the relevant period contains an integration or zipper clause indicating that the CBA is the complete agreement between the covered employees and the hospital, and includes specific provisions governing hours of work, work schedules, weekly and daily overtime and requiring prior authorization to work overtime hours, and provisions governing other premium pay (Exhibit C, Article VII, Grievance and Arbitration, pgs. 15-19; Article VII Hours of Work, pgs. 20-24; Article VIII, Salaries, pgs. 24-29; and Article X, Holidays, pg. 37)

8. By way of further example, a CBA governing putative class members and Hospital Defendant Newton-Wellesley Hospital during a portion of the relevant period contains an integration or zipper clause making clear it is the complete agreement of the parties and an overtime section requiring employees to obtain pre-approval for overtime. The CBA also contains a negotiated meal break provision providing "that if a nurse is unrelieved for her or his meal period with the approval of her or his Clinical Care Manager/Nurse Manager...such unrelieved time shall count for purposes of determining eligibility for overtime." The Newton-Wellesley CBA also contains a grievance process for resolution of all employee complaints arising out of violations of the CBA.

9. As support for their claims, Plaintiffs' State Court Action Complaint implicitly references the CBAs in numerous paragraphs, including but not limited to the following:

**Paragraph 92:** In addition if Plaintiffs' and Class Members' hours had been properly calculated, the time spent working during meal breaks often would include work that should have been calculated at applicable premium rates.

**Paragraph 108:** By entering into an employment relationship defendants and Plaintiffs and Class Members entered into a contract for employment, including implied contracts and express contracts.

6

> **Paragraph 109:** Defendants entered into an express contract with Plaintiffs and Class Members that was explicitly intended to order and govern the employment relationship between defendants and Plaintiffs and Class Members.
>
> **Paragraph 110:** This binding express contract provided that Plaintiffs and Class Members would provide services and labor to defendants in return for compensation under the provisions of the contract.
>
> **Paragraph 111:** In addition, defendants' express contract with Plaintiffs and Class Members embodies all binding legal requirements concerning the payment of such wages to the Plaintiffs and Class Members that were in force at the time of that contract.
>
> **Paragraph 113:** As alleged herein, Plaintiffs and Class Members regularly worked hours both under and in excess of forty per week and were not paid for all of those hours.

These factual allegations are then incorporated by reference into each of Plaintiffs' state law claims, counts I-XII.

10. Through creative pleading, and by strategically omitting references to the respective CBAs that govern the terms of Plaintiff Cunningham's and many putative class members' employment, Plaintiffs attempt to disguise their state law claims as pure Massachusetts statutory or common-law claims. However, such artful pleading is improper because Plaintiffs' claims allege violations of the CBAs and require interpretation of the CBAs, and therefore are preempted by Section 301 of the LMRA.

11. Before the claims asserted by Plaintiff Cunningham and claims relating to many of the putative class members in the State Court Action may be addressed, the Court must engage in an interpretation of the CBAs, the duties and obligations of the parties under the CBAs, as well as any practices or implied contracts between the parties that have – or have not- been incorporated into the CBAs over time, thus bringing the State Court Action Complaint under the auspices of Section 301 of the LMRA. Consequently, Plaintiff Cunningham's and many putative class members' state law claims are completely preempted under Section 301 of the LMRA.

12. Collectively, the Hospital Defendants independently sponsor ten (10) different pension plans for employees who work at their various locations. Brigham and Women's Hospital sponsors the Brigham and Women's Hospital Cash Balance Retirement Plan, in which employees of Brigham and Women's Hospital are eligible to participate according to the terms of the Plan. Faulkner Hospital sponsors the Faulkner Hospital Partnership Plan, in which employees of Faulkner Hospital are eligible to participate according to the terms of the Plan. Martha's Vineyard Hospital, Inc., sponsors the Martha's Vineyard Hospital Lincoln 403(b) Plan, in which employees of Martha's Vineyard Hospital, Inc. are eligible to participate according to the terms of the Plan.  Massachusetts General Hospital sponsors the Massachusetts General Hospital Cash Balance Retirement Plan, in which employees of Massachusetts General Hospital are eligible to participate according to the terms of the Plan. Nantucket Cottage Hospital sponsors the Retirement Plan for Employees of Nantucket Cottage Hospital, in which employees of Nantucket Cottage Hospital are eligible to participate according to the terms of the Plan. Newton-Wellesley Hospital sponsors the Newton-Wellesley Hospital Partnership 401(a) Plan, in which employees of Newton-Wellesley Hospital are eligible to participate according to the terms of the Plan. North Shore Medical Center sponsors the North Shore Medical Center Retirement Plan, in which employees of North Shore Medical Center are eligible to participate according to the terms of the Plan.  Partners Community Healthcare, Inc. sponsors the Partners Community Healthcare, Inc. Retirement Plan, in which employees of Partners Community Healthcare, Inc. are eligible to participate according to the terms of the Plan.  Partners Healthcare System, Inc. sponsors the Partners Healthcare System, Inc. Corporate Staff Retirement Plan, in which employees of Partners Healthcare System, Inc. are eligible to participate according to the terms of the Plan.  North Shore Medical Center sponsors the Retirement Plan for Employees of Union

Hospital, Inc., in which former employees of Union Hospital, Inc., now operated by North Shore Medical Center, are eligible to participate according to the terms of the Plan. Each of the foregoing enumerated plans are subject to the provisions of ERISA. Further, each of the foregoing Plans are implicated by Plaintiffs' allegations concerning record keeping violations and causes of action seeking fringe pension benefits as a result of the alleged failure to pay Plaintiffs for all compensable working time.

13. More specifically, prior to filing the State Court Action Plaintiffs filed an action in this Court (the "Federal Court Action") based on the same alleged conduct as the conduct that forms the basis for the State Court Action. *See Diane Hamilton, et al., v. Partners Healthcare System, Inc., et al.,* United States District Court for the District of Massachusetts, Civil Action File No. 1:09-cv-11461-DPW, attached as Exhibit F.

14. The Federal Court Action Complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and estoppel.[3]

15. Further, in the Federal Court Action, Plaintiffs' Complaint contains two express causes of action under ERISA. First, Plaintiffs assert a cause of action under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for failure to keep accurate records "of all time worked by Class Members" which allegedly renders "defendants' records legally insufficient to determine benefits as required by ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1)." Federal Court Action Complaint ("Fed. Compl."), ¶¶ 151-153. Second,

---

[3] Plaintiffs' allegations in the State Court Action also appear duplicative of those asserted in the Federal Court Action and may fail to state a claim upon which relief may be granted. Defendants reserve the right to address the sufficiency of Plaintiffs' State Court Action and Federal Court Action Complaints at the appropriate time.

9

Plaintiffs assert a cause of action under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), for alleged breach of fiduciary duties set forth under ERISA. Fed. Compl., ¶¶ 154-155.

16.     Plaintiffs base these two ERISA causes of action in their Federal Court Action Complaint on underlying factual allegations which include, but are not limited to:

- "James J. Mongan has the authority to, and does, make decisions that concern defendants' operations, including functions related to employment, human resources, training, payroll, and *benefits*" (Fed. Compl., ¶ 30) (emphasis added);
- "James J. Mongan has the authority to, and does, make decisions that concern employees' schedules, hours and *standard benefit levels*" (Fed. Compl., ¶ 35) (emphasis added);
- "James J. Mongan has the authority to, and does, make decisions that concern *benefit plans across Partners*" (Fed. Compl., ¶ 43) (emphasis added);
- "James J. Mongan has the authority to, and does, make decisions that concern the type and scope of benefits available to employees, the method and manner in which information regarding those plans is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits" (Fed. Compl., ¶ 44);
- Various allegations that James J. Mongan has authority to "administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees," "[maintain] systems for keeping and maintaining payroll, benefits, and other employment related records," and "administer[] employees' benefit programs" (Fed. Compl., ¶¶ 45, 46, 47, 49);
- "Dennis D. Colling is actively involved in decisions that set employees' schedules, hours and *standard benefit levels*" (Fed. Compl., ¶ 58) (emphasis added);
- "Dennis D. Colling is actively involved in benefit plans across Partners" (Fed. Compl., ¶ 66);
- "Dennis D. Colling is actively involved in determining the type and scope of benefits available to employees, the method and manner in which information regarding those plans is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits" (Fed. Compl., ¶ 67);
- Various allegations that Dennis D. Colling has authority to "administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees," "[maintain] systems for keeping and maintaining payroll, benefits, and other employment related records," and "administer[] employees' benefit programs" (Fed. Compl., ¶¶ 69, 71, 72); and
- "Defendants sponsor pension plans (the "Plans") for their employees. Plaintiffs and class members participated in the Plans as plan participants and beneficiaries pursuant to 29 U.S.C. § 1132(a)(1).(A)(3) [sic]" (Fed. Compl., ¶¶ 1201-121).

17.     Finally, the Federal Complaint specifically contains in its prayer for relief specific relief relating to these alleged ERISA violations, seeking "an award of the value of Plaintiffs' and Class Members unpaid wages, *including fringe benefits*."  Fed. Compl., ¶ "WHEREFORE," p. 27 (emphasis added).

18.     In virtually identical fashion to their Federal Court Action Complaint, in their State Court Action Complaint Plaintiffs' make the following factual allegations:

- "Mr. Mongan has the authority to, and does, make decisions that concern defendants' operations, including functions related to employment, human resources, training, payroll, and *benefits*" (State Court Action Complaint ("State Compl."), ¶ 18) (emphasis added);
- "Mr. Mongan has authority to, and does, make decisions that concern employees' schedules, hours and *standard benefit levels*" (State Compl., ¶ 23) (emphasis added);
- Various allegations that James J. Mongan has authority to "administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees," "[maintain] systems for keeping and maintaining payroll, benefits, and other employment related records," and "administer[] employees' benefit programs"  (State Compl., ¶¶ 32, 34, 35);
- "Mr. Colling is actively involved in decisions that set employees' schedules, hours and *standard benefit levels*" (State Compl., ¶ 44) (emphasis added);
- "Mr. Colling is actively involved in benefit plans across Partners" (State Compl., ¶ 52);
- "Mr. Colling is actively involved in determining the type and scope of benefits available to employees, the method and manner in which information regarding those plans is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits" (State Compl., ¶ 53); and
- Various allegations that Dennis D. Colling has authority to "administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees," "[maintain] systems for keeping and maintaining payroll, benefits, and other employment related records," and "administer[] employees' benefit programs"  (State Compl., ¶¶ 55, 57, 58).

19.     Further, identically to their Federal Court Action Complaint, Plaintiffs' prayer for relief in their State Court Action Complaint contains a provision seeking "an award of the value of Plaintiffs' and Class Members unpaid wages, *including fringe benefits*."  State

11

Compl., ¶ "WHEREFORE," p. 31 (emphasis added).  Plaintiffs' State Court Action Complaint also contains a cause of action for "Failure To Keep Accurate Records" which parallels the ERISA recordkeeping claim set forth in their Federal Court Action Complaint. *Compare* Fed. Compl., ¶¶ 151-152 *with* State Compl., ¶¶ 195-197.

20.    Based on the myriad factual allegations in their State Court Action Complaint directly concerning employee benefits and the administration of employee benefit plans, which are virtually identical to allegations in their Federal Court Action Complaint asserting two causes of action under ERISA, it is clear from the face of their State Court Action Complaint that Plaintiffs are attempting to assert alternative claims for employee benefits and violations of ERISA under state law causes of action, including failure to pay wages, breach of contract, breach of implied contract, money had and received in assumpsit, quantum meruit / unjust enrichment, fraud, equitable and promissory estoppel, negligent misrepresentation, conversion and failure to keep accurate records.  State Compl., ¶¶ 162-197.  Plaintiffs confirm this by asserting an identical prayer for relief for fringe benefits in both the State Court Action Complaint and the Federal Court Action Complaint.  Fed. Compl., ¶ "WHEREFORE," p. 27; State Compl., ¶ "WHEREFORE," p. 31.

21.    Plaintiffs' State Court Action Complaint unquestionably seeks recovery of employee benefits under the terms of various ERISA governed plans, as well as recovery for alleged fiduciary violations related to the administration of those plans.  Accordingly, removal of Plaintiffs' State Court Action to federal court is also proper because some of Plaintiffs state law claims are completely preempted by ERISA, thereby presenting a "federal question" under the laws of the United States and providing this Court with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

22.     Finally, because the causes of action and corresponding allegations in the State Court Action are nearly identical to the causes of action and corresponding allegations in the Federal Court Action, and because the underlying allegations in the State Court Action are identical to the underlying allegations in the Federal Court Action, the State Court Action should be consolidated with the Federal Court Action upon its removal pursuant to Fed. R. Civ. Pro. 42(a).

WHEREFORE, Defendants respectfully pray that this action be duly removed to this Court, and that it proceed herein.

Dated: October 16, 2009                                  Respectfully submitted,

PARTNERS HEALTHCARE SYSTEM, INC., PARTNERS COMMUNITY HEALTHCARE, INC., THE BRIGHAM AND WOMEN'S HOSPITAL, INC., BRIGHAM AND WOMEN'S/FAULKNER HOSPITALS, INC., FAULKNER HOSPITAL, INC., MARTHA'S VINEYARD HOSPITAL, INC., THE MASSACHUSETTS GENERAL HOSPITAL, MCLEAN HEALTHCARE, INC., THE MCLEAN HOSPITAL CORPORATION, NANTUCKET COTTAGE HOSPITAL, NEWTON-WELLESLEY HOSPITAL, NEWTON-WELLESLEY HEALTH CARE SYSTEM, INC., NORTH SHORE CHILDREN'S HOSPITAL, INC., NORTH SHORE MEDICAL CENTER, INC., NSMC HEALTHCARE, INC., THE SALEM HOSPITAL, UNION HOSPITAL AUXILIARY OF LYNN, INC., JAMES J. MONGAN, M.D., AND DENNIS D. COLLING,

By their attorneys,

*/s/ Christopher B. Kaczmarek* _____
David C. Casey (BBO No. 077260)
Christopher B. Kaczmarek (BBO No. 647085)
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
dcasey@littler.com
ckaczmarek@littler.com

>Lisa A. Schreter (*Pro hac vice* admission is anticipated)
>Angelo Spinola (*Pro hac vice* admission is anticipated)
>LITTLER MENDELSON, P.C.
>3344 Peachtree Road, N.E.
>Suite 1500 Atlanta, GA  30326
>Phone: 404.233.0330
>Fax: 404.233.2361
>lschreter@littler.com
>aspinola@littler.com

## CERTIFICATE OF SERVICE

I, Christopher B. Kaczmarek, hereby certify that on this 16th day of October 2009, the foregoing NOTICE OF REMOVAL BY DEFENDANTS was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be served via first class mail, postage prepaid, upon counsel of record:

>Jody L. Newman
>Ariatna Villegas-Vazquez
>DWYER & COLLORA, LLP
>600 Atlantic Avenue
>Boston, MA  02210-2211
>jnewman@dwyercollora.com
>avillegas-vazquez@dwyercollora.com
>
>THOMAS & SOLOMON LLP
>Patrick J. Solomon, Esq. *(pro hac vice admission anticipated)*
>Michael J. Lingle, Esq. *(pro hac vice admission anticipated)*
>693 East Avenue
>Rochester, New York 14607
>psolomon@themployentattorneys.com
>mlingle@theemploymentattorneys.com

Laurence Donoghue
Laura E. Coltin
MORGAN BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109

ldonoghue@morganbrown.com
lcotlin@morganbrown.com

                                    */s/ Christopher B. Kaczmarek*_____
                                    Christopher B. Kaczmarek

Firmwide:92454897.1 063738.1001