**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

# COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.  **09–3540**

.............. MIDDLESEX .............. , ss



**DIANE HAMILTON, et al.** ...... , Plaintiff(s)

v.

**PARTNERS HEALTHCARE** ...... , Defendant(s)
**SYSTEM, INC., et al.**

# SUMMONS

To the above-named Defendant:    **Partners Healthcare System, Inc.**

You are hereby summoned and required to serve upon ...... **Jody L. Newman of** ...............................

.. **Dwyer & Collora, LLP** ........... plaintiff's attorney, whose address is .... **600 Atlantic Avenue,**

**12th Floor, Boston, MA 02210** ......................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .. **200 Trade Center,**..

**Woburn, MA  01801** .................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ......... **Woburn, MA** ...............................................

the .................................................. day of ...... **September** .................................................

......................, in the year of our Lord .... **2009** ............................... .

................................................................
**Clerk**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ...................................................................................... 20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..........................................................................................................................................

..........................................................................................................................................

..........................................................................................................................................

....................................................................................................

Dated: ..........................................................................................., 20..........

**N.B.  TO PROCESS SERVER:**
    **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(  .......................................................  )

(  ..................................................., 20..........  )

(  .......................................................  )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ......ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  **09-3540**

**DIANE HAMILTON, et al.**..........Plff.

v.

**PARTNERS HEALTHCARE
SYSTEM, INC., et al.**..........Deft.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  **09-3540**

............ MIDDLESEX ............ , ss



**DIANE HAMILTON et al.** ............ , Plaintiff(s)

v.

**PARTNERS COMMUNITY**
**HEALTHCARE, INC., et al.** ............ , Defendant(s)

## SUMMONS

To the above-named Defendant: **Partners Community Healthcare, Inc.**

You are hereby summoned and required to serve upon **Jody L. Newman of** ............

...**Dwyer & Collora, LLP** ............ plaintiff's attorney, whose address is ...**600 Atlantic Avenue,**

**12th Floor, Boston, MA 02210** ............ , an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..**200 Trade Center,**

**Woburn, MA  01801** ............ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ......**Woburn, MA** ............

the ............ day of ...**September** ............

............ , in the year of our Lord ...**2009** ............ .

............................................................
                                                    **Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ......................................................................................
20.........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..........................................................................................................................................

..........................................................................................................................................

..........................................................................................................................................

........................................................................................................

Dated: ................................................................................................, 20..........


**N.B.  TO PROCESS SERVER:**
    **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
    ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(  .......................................................................................  )

(  ..................................................., 20..........  )

(  .......................................................................................  )


**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX ......, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  **09-3540**

**Diane Hamilton, et al.** ..........., Plff.

v.

**Partners Community
Healtcare, Inc., et al.** ..........., Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

........MIDDLESEX........, ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

DIANE HAMILTON, et al........., Plaintiff(s)

v.

The Brigham and ........, Defendant(s)
Women's Hospital, Inc., et al.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
SEP 29 2009
CLERK

## SUMMONS

To the above-named Defendant: **The Brigham and Women's Hospital, Inc.**

You are hereby summoned and required to serve upon ........**Jody L. Newman of**........................

...**Dwyer & Collora, LLP**.......... plaintiff's attorney, whose address is ...**600 Atlantic Avenue,**

**12th Floor, Boston, MA 02110**........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...**200 Trade Center,**

..**Woburn, MA 01801**................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ........**Woburn, MA**.......................................................

the ...............**15th**................................. day of ......**September**.........................................

....................., in the year of our Lord .......**2009**........................... .

.................................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.........................................................................................................................

.........................................................................................................................

.........................................................................................................................

.............................................................................

Dated: ....................................................................................., 20..........

**N.B.  TO PROCESS SERVER:**
    **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
    ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( .........................9/17...., 20..09. )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX........, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

Diane Hamilton, et al..............., Plff.

v.

The Brigham and..............Deft.
Women's Hospital, Inc., et al.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

## RETURN OF SERVICE

*I this day summoned the within named*  THE BRIGHAM & WOMEN'S HOSPITAL, INC.
GARY L. GOTTLIEB, MD, PRESIDENT

*to appear as within directed by delivering to*  ANN COLLINS, LEGAL DEPARTMENT, 1:00 PM.
ADDRESS CORRECTION.

__X__  *in hand*

*No.*    221 LONGWOOD AVENUE
*in the*  BOSTON            *District of said*  SUFFOLK        *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER
SHEET, AND ALLOWED 4C MOTION*

*Service and travel*        56

*it being necessary I actually used a
motor vehicle in the distance of*
10      *miles in the service of
this process*

*Process Server*

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

................ MIDDLESEX ................ , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

DIANE HAMILTON, et al. ......... , Plaintiff(s)

v.

BRIGHAM AND WOMEN'S/ ......... , Defendant(s)
FAULKNER HOSPITALS, INC., et al.

FILED
IN THE OFF...
CLERK O...
FOR THE COUNTY OF...
SEP 29 2009

CLERK

## SUMMONS

To the above-named Defendant:  **Brigham and Women's/Faulkner Hospitals, Inc.**

You are hereby summoned and required to serve upon ... **Jody L. Newman of** ...........................

... **Dwyer & Collora, LLP** ........... plaintiff's attorney, whose address is .... **600 Atlantic Avenue,**

**12th Floor, Boston, MA 02210** ........................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .... **200 Trade Center,**

**Woburn, MA 01801** ................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ...... **Woburn, MA** ..................................................

the ................................ **15th** ................................ day of .... **September** .........................................

...................., in the year of our Lord .. **2009** .............................. .

................................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.......................................................................................................................................

.......................................................................................................................................

.......................................................................................................................................

                                         ....................................................................................

Dated: ...................................................................................................., 20.........

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
(  .....................9/17........, 20...09... )
( _____ )

---

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX.......ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 09-3540

Diane Hamilton, et al........, Plf.

v.

Brigham and Women's/
Faulkner Hospitals, Inc., et al., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

# RETURN OF SERVICE

*I this day summoned the within named* BRIGHAM & WOMEN'S/FAULKNER
HOSPITALS, INC., JEFFREY R. OTTEN, PRESIDENT

*to appear as within directed by delivering to* ANN COLLINS, LEGAL DEPARTMENT, 1:00 PM.
ADDRESS CORRECTION.

  <u>X</u>  *in hand*

*No.*   221 LONGWOOD AVENUE
*in the* BOSTON         *District of said* SUFFOLK      *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER*
*SHEET, AND ALLOWED 4C MOTION*

*Service and travel*     56

*it being necessary I actually used a*
*motor vehicle in the distance of*
10    *miles in the service of*
*this process*

_____
Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.............. MIDDLESEX .............. , ss

No.  **09-3540**

**DIANE HAMILTON, et al.** , Plaintiff(s)

v.

**FAULKNER HOSPITAL, INC.** , Defendant(s)
**et al.**

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
SEP 29 2009
CLERK

### SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: **Faulkner Hospital, Inc.**

You are hereby summoned and required to serve upon .............. **Jody L. Newman of** ......................

.. **Dwyer & Collora, LLP** .......... plaintiff's attorney, whose address is .... **600 Atlantic Avenue,**

**12th Floor, Boston, MA 02210** ........................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...... **200 Trade Center,**

.. **Woburn, MA 01801** .................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ........ **Woburn, MA** ............................................

the ................................................... day of ...... **September** ....................................

...................., in the year of our Lord .... **2009** ............................ .

....................................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................................................................................
20........, I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................

..................................................................................................................................

..................................................................................................................................

..............................................................................................

Dated: ................................................................................................,20...........


**N.B.  TO PROCESS SERVER:**
   PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
   ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )

( .......................... 9/17 , 20 09 )

( _____ )


**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 09-3540

MIDDLESEX ........ ss.

Diane Hamilton, et al. ......... Plff.

v.

Faulkner Hospital, Inc. ........, Deft.
et al.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

# RETURN OF SERVICE

*I this day summoned the within named* FAULKNER HOSPITAL, INC.
DAVID J. TRULL, PRESIDENT

*to appear as within directed by delivering to*    SUSAN BRIGG, AUTHORIZED TO ACCEPT AS
ASSISTANT TO CURRENT PRESIDENT DAVID
TRULL, 2:20 PM

**X**    *in hand*

*No.*    1153 CENTRE STREET
*in the*  BOSTON                *District of said*  SUFFOLK          *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER
SHEET, AND ALLOWED 4C MOTION*

*Service and travel*        56

*it being necessary I actually used a
motor vehicle in the distance of*
10    *miles in the service of
this process*

*John Rymaszewski*
Process Server

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.   **09-3540**

............ MIDDLESEX ............ , ss

DIANE HAMILTON, et al. , Plaintiff(s)

v.

MARTHA'S VINEYARD
HOSPITAL, INC., et al. , Defendant(s)

## SUMMONS

To the above-named Defendant: **Martha's Vineyard Hospital, Inc.**

You are hereby summoned and required to serve upon ............ **Jody L. Newman of** ...........................

...**Dwyer & Collora, LLP** ......... plaintiff's attorney, whose address is ...**600 Atlantic Avenue,**

...**12th Floor, Boston, MA 02210** ......................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .... **200 Trade Center,**

...**Woburn, MA 01801** ................................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ............ **Woburn, MA** ..........................................

the ................................ **15th** ................................ day of ........**September**.......................................

...................., in the year of our Lord ........**2009**........................... .

............................................................
                                                                                              **Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

...................................................................................................................................

...................................................................................................................................

...................................................................................................................................

.........................................................................................

Dated: ............................................................................................, 20..........

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
   ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(  ........................................................  )

(  ..................................9/17................., 20..09..  )

(  ........................................................  )

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX........ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. **09-3540**

Diane Hamilton, et al.........Plff.

v.

Martha's Vineyard
Hospital, Inc., et al.........Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX , ss



SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 09-3540

DIANE HAMILTON, et al. , Plaintiff(s)

v.

THE MASSACHUSETTS , Defendant(s)
GENERAL HOSITAL, et al.

FILED
IN THE OFF...
CLERK C...
FOR THE COUNT...
SEP 29 2...

CLER...

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: **The Massachusetts General Hospital**

You are hereby summoned and required to serve upon ...... Jody L. Newman of ............................

... Dwyer & Collora, LLP ......... plaintiff's attorney, whose address is ... 600 Atlantic Avenue,.

12th Floor, Boston, MA 02210 ......................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .. 200 Trade Center,.

... Woburn, MA 01801 ................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ...... Woburn, MA ...............................................

the .................... 15th ........................... day of .... September ...........................................

...................., in the year of our Lord ... 2009 ...................................... .

.................................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................................................................

20........., I served a copy of the within summons, together with a copy of the complaint in this action,

upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

......................................................................................................................................................

......................................................................................................................................................

......................................................................................................................................................

......................................................................................................

Dated: ..........................................................................................., 20...........

**N.B.  TO PROCESS SERVER:**

**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(_____)

(................... 9/17........., 20...09.)

(_____).

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

MIDDLESEX........ss.

.........Diane Hamilton, et al........., Plf.

v.

.........The Massachusetts General......., Deft.
Hospital, et al.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

# RETURN OF SERVICE

*I this day summoned the within named* THE MASSACHUSETTS GENERAL HOSPITAL

*to appear as within directed by delivering to*    ATTORNEY MARILYN MCMAHON, GENERAL
COUNSEL, 8:35 AM. ADDRESS CORRECTION –
SERVER WAS INSTRUCTED TO BRING TO
LEGAL DEPT.

<u>X</u>    *in hand*

*No.*    50 STANIFORD STREET, 10TH FLOOR
*in the*  BOSTON          *District of said*  SUFFOLK          *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER
SHEET, AND ALLOWED 4C MOTION*

*Service and travel*        56

*it being necessary I actually used a
motor vehicle in the distance of*
10      *miles in the service of
this process*

Joseph Felice

Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09–3540

.......... MIDDLESEX .......... , ss

DIANE HAMILTON, et al. , Plaintiff(s)

v.

MCLEAN HEALTHCARE, INC. , Defendant(s)
et al.

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

SEP 29 2009

CLERK

## SUMMONS

To the above-named Defendant: **McLean Healthcare, Inc.**

You are hereby summoned and required to serve upon ............................................. **Jody L. Newman of**
.......... **Dwyer & Collora, LLP** .......... plaintiff's attorney, whose address is .... **600 Atlantic Avenue,**
**12th Floor, Boston, MA 02210** ........................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .... **200 Trade Center,**
.... **Woburn, MA 01801** ................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ......... **Woburn, MA** ..............................................

the ...................... **15th** .......................... day of ......... **September** ...........................

...................., in the year of our Lord ...... **2009** ........................... .

.......................................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

PROOF OF SERVICE OF PROCESS

    I hereby certify and return that on ..............................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

...................................................................................................................................................

...................................................................................................................................................

...................................................................................................................................................

                                                             ....................................................................

Dated: ............................................................................, 20..........


**N.B.  TO PROCESS SERVER:**
       **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
       ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

       ( _____ )
       ( .............. 9/17 .............., 20. 09 )
       ( _____ )


**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX ......., ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

Diane Hamilton, et al. ........., Plff.

v.

McLean Healthcare, Inc...., Deft.
et al.

**SUMMONS**
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

## RETURN OF SERVICE

*I this day summoned the within named* MCLEAN HEALTHCARE, INC.
SCOTT K. RAUCH, PRESIDENT

*to appear as within directed by delivering to* SUSAN RILEY, ASSISTANT TO PRESIDENT,
AUTHORIZED TO ACCEPT SERVICE, 2:20 PM

X   *in hand*

*No.*   115 MILL STREET
*in the* BELMONT        *District of said* MIDDLESEX        *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER*
*SHEET, AND ALLOWED 4C MOTION*

*Service and travel*        56

*it being necessary I actually used a*
*motor vehicle in the distance of*
15    *miles in the service of*
*this process*

Process Server

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

*12*

................ MIDDLESEX ............ , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  **09-3540**

DIANE HAMILTON, et al. , Plaintiff(s)

v.

THE MCLEAN HOSPITAL
CORPORATION, et al. , Defendant(s)

FILED
IN THE
CLERK
FOR THE COU......
SEP 29 2009
.........
CLERK

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:  **The McLean Hospital Corporation**

You are hereby summoned and required to serve upon ......... Jody .L. Newman of ...........................

Dwyer. & Collora, LLP ........... plaintiff's attorney, whose address is ... 600. Atlantic. Avenue,

12th. Floor, Boston, MA. 02210 ........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ... 200. Trade. Center,

Woburn, MA. 01801 ..................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ......... Woburn, MA .......................................................

the ....................... 15th ....................... day of ...... September ...........................................

...................., in the year of our Lord ..... 2009 ........................... .

....................................................... Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................................................. 20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

............................................................................................................................

............................................................................................................................

............................................................................................................................

......................................................................................................

Dated: ......................................................................................, 20..........

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( .................... 9/17 ........., 20..09.. )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

Diane Hamilton, et al. .........., Plff.

v.

The McLean Hospital
Corporation, et al. ........., Def.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

## RETURN OF SERVICE

*I this day summoned the within named*  THE MCLEAN HOSPITAL CORPORATION
SCOTT L. RAUCH, PRESIDENT

*to appear as within directed by delivering to*  SUSAN RILEY, ASSISTANT TO PRESIDENT,
AUTHORIZED TO ACCEPT SERVICE, 2:20 PM

X   *in hand*

*No.*   115 MILL STREET
*in the*  BELMONT        *District of said*  MIDDLESEX        *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER*
*SHEET, AND ALLOWED 4C MOTION*

*Service and travel*        56

*it being necessary I actually used a*
*motor vehicle in the distance of*
15      *miles in the service of*
*this process*

_____
Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

.............. MIDDLESEX .............. , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. **09-3540**

**DIANE HAMILTON, et al.**.... , Plaintiff(s)

v.

**NANTUCKET COTTAGE**........ , Defendant(s)
**HOSPITAL, et al.**

## SUMMONS

To the above-named Defendant:  **Nantucket Cottage Hospital**

You are hereby summoned and required to serve upon .......... **Jody L. Newman of** ........................

.**Dwyer & Collora, LLP**............ plaintiff's attorney, whose address is ..... **600 Atlantic Avenue,**

.**12th Floor, Boston, MA 02210**........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .... **200 Trade Center,**

.**Woburn, MA 01801**...................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ....... **Woburn, MA** ...................................................

the ................................ **15th** .......................... day of ...... **September** ........................................

...................., in the year of our Lord ... **2009** ............................... .

.................................................................

**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ...................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................................
..................................................................................................................................................
..................................................................................................................................................
...........................................................................................................

Dated: ........................................................................................................, 20..........

**N.B.  TO PROCESS SERVER:**
      **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
      **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(  ............................................................  )
(  ..........................................9/21......, 20..09..  )
(  ............................................................  )

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. **09-3540**

MIDDLESEX........ss.

..........**Diane Hamilton, et al.**..........Plff.

v.

..........**Nantucket Cottage Hospital,** Deft.
**et al.**

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .............., ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 09-3540

DIANE HAMILTON, et al. ..........., Plaintiff(s)

v.

NEWTON-WELLESLEY ..........., Defendant(s)
HOSPITAL, et al.

SEP 29 2009

CLERK

## SUMMONS

To the above-named Defendant: **Newton-Wellesley Hospital**

You are hereby summoned and required to serve upon ......... **Jody L. Newman of** ...........................

**Dwyer & Collora, LLP** ............ plaintiff's attorney, whose address is ..... **600 Atlantic Avenue,**

**12th Floor, Boston MA 02210** ........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ... **200 Trade Center,**

**Woburn, MA 01801** ...................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ............ **Woburn, MA** ...........................................

the ...................................................... day of ...... **September** ...........................................

........................, in the year of our Lord ...... **2009** .............................. .

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..............................................................................................................................................
..............................................................................................................................................
..............................................................................................................................................
                                        ..................................................................................................

Dated: ................................................................................................, 20..........

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ....................... 9/17 ........, 20....05... )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ......., ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

Diane Hamilton, et al. ........, Plff.

v.

Newton-Wellesley Hospital., .., Deft.
et al.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

# RETURN OF SERVICE

*I this day summoned the within named* NEWTON-WELLESLEY HOSPITAL
MICHAEL S. JELLINEK, PRESIDENT

*to appear as within directed by delivering to* BARBARA LIGHTIZER, MANAGER, RISK
MGMT DEPT, 2:15 PM

<u>X</u>  *in hand*

*No.* 2014 WASHINGTON STREET
*in the* NEWTON  *District of said* MIDDLESEX  *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER*
*SHEET, AND ALLOWED 4C MOTION*

*Service and travel* 56

*it being necessary I actually used a*
*motor vehicle in the distance of*
20  *miles in the service of*
*this process*

_____
Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.............. MIDDLESEX ............. , ss

No. **09–3540**

**DIANE HAMILTON, et al.,** , Plaintiff(s)

v.

**NEWTON–WELLESLEY** ........... , Defendant(s)
**HEALTHCARE SYSTEM, INC.,** et al.

IN THE
CLER...
FOR THE C...
SEP 29 2009

CLERK

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: **Newton–Wellesley Healthcare System, Inc.**

You are hereby summoned and required to serve upon ...... **Jody L. Newman of** ...........................

**Dwyer & Collora, LLP** ............ plaintiff's attorney, whose address is ... **600 Atlantic Avenue,**

**12th Floor, Boston, MA 02210** ........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ... **200 Trade Center,**

**Woburn, MA 01801** ..................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ...... **Woburn, MA** ......................................................

the .............. **15th** ................................... day of ...... **September** ...........................................

........................, in the year of our Lord ..... **2009** ............................... .

........................................................... Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................................................................................................
20........, I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..............................................................................................................................................................

..............................................................................................................................................................

..............................................................................................................................................................

                                        ..........................................................................................

Dated: ...............................................................................................,20..........

**N.B. TO PROCESS SERVER:**
    **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
    **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

                    ( _____ )
                    ( ...................9/17......,20.05... )
                    ( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX......, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 09-3540

Diane Hamilton, et al.........Plff.

v.

Newton-Wellesley...........Deft.
Healthcare System, Inc., et al.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

# RETURN OF SERVICE

*I this day summoned the within named* NEWTON-WELLESLEY HEALTH CARE SYSTEM, INC.
MICHAEL S. JELLINEK, PRESIDENT

*to appear as within directed by delivering to* BARBARA LIGHTIZER, MANAGER OF RISK
MGMT DEPT, AUTHORIZED TO ACCEPT
SERVICE, 2:15 PM

X   *in hand*

*No.*   2014 WASHINGTON STREET
*in the* NEWTON          *District of said* MIDDLESEX          *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER*
*SHEET, AND ALLOWED 4C MOTION*

*Service and travel*          56

*it being necessary I actually used a*
*motor vehicle in the distance of*
20      *miles in the service of*
*this process*

_____
Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS



................ MIDDLESEX ........... , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. **09-3540**



**DIANE HAMILTON, et al.** , Plaintiff(s)

v.

**NORTH SHORE CHILDREN'S** , Defendant(s)
**HOSPITAL, INC.**



FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
SEP 29 2009
CLERK

## SUMMONS

To the above-named Defendant: **North Shore Children's Hosiptal, Inc.**

You are hereby summoned and required to serve upon ..... **Jody L. Newman of** ...............................

**Dwyer & Collora, LLP** ........... plaintiff's attorney, whose address is ..... **600 Atlantic Avenue,**

**12th Floor, Boston, MA 02210** ........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .... **200 Trade Center,**

**Woburn, MA 01801** .......................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ....... **Woburn, MA** .........................................................

the ..................... **15th** ..................... day of **September** .........................................................

....................., in the year of our Lord .... **2009** ........................... .

............................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...........................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.................................................................................................................................................

.................................................................................................................................................

.................................................................................................................................................

....................................................................................................................

Dated: .............................................................................................., 20...........

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( ...................... 9/11 ........., 20...0 9.. )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .....,ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 09-3540

Diane Hamilton, et al.................,Plff.

v.

North Shore Children's.............Def.
Hospital, Inc., et al.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

# RETURN OF SERVICE

*I this day summoned the within named* NORTH SHORE CHILDREN'S HOSPITAL, INC.
RICHARD D. PHIPPEN, PRESIDENT

*to appear as within directed by delivering to* ATTORNEY DAVID WRIGHT, HEAD OF LEGAL
COUNSEL, 12:05 PM

<u>X</u>   *in hand*

*No.* 81 HIGHLAND AVENUE
*in the* SALEM         *District of said* ESSEX         *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER*
*SHEET, AND ALLOWED 4C MOTION*

*Service and travel*         56

*it being necessary I actually used a*
*motor vehicle in the distance of*
20      *miles in the service of*
*this process*

_____
Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

.......... MIDDLESEX .......... , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. **09–3540**

DIANE HAMILTON, et al. , Plaintiff(s)

v.

NORTH SHORE MEDICAL
CENTER, INC., et al.  , Defendant(s)

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

SEP 29 2009

CLERK

### SUMMONS

To the above-named Defendant: **North Shore Medical Center, Inc.**

You are hereby summoned and required to serve upon .......... Jody L. Newman of ..........................

.......... Dwyer & Collora, LLP .......... plaintiff's attorney, whose address is ..... 600 Atlantic Avenue,

12th Floor, Boston, MA 02210 .........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ... 200 Trade Center,

Woburn, MA 01801 ..................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at .............. Woburn, MA ......................................

the .......... 15th .......... day of .......... September ..........

.................., in the year of our Lord .... 2009 .......... .

.................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................................
20........, I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.................................................................................................................................

.................................................................................................................................

.................................................................................................................................

.......................................................................................

Dated: ................................................................................, 20..........

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
   ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ..................... 9/17..............., 20..09.. )
( _____ )

**COMMONWEALTH OF MASSACHUSETTS**

**SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.   09–3540**

MIDDLESEX ...., ss.

.......... Diane. Hamilton,.et.al. ..........Plff.

v.

North. Shore. Medical. Center,., Deft.
Inc., et al.

**SUMMONS**
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

# RETURN OF SERVICE

*I this day summoned the within named* NORTH SHORE MEDICAL CENTER, INC.
ALEXANDER MOVAHED, PRESIDENT

*to appear as within directed by delivering to* ATTORNEY DAVID WRIGHT, HEAD OF LEGAL
COUNSEL, 12:05 PM

<u>X</u>   *in hand*

*No.*   81 HIGHLAND AVENUE
*in the* SALEM          *District of said* ESSEX          *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER*
*SHEET, AND ALLOWED 4C MOTION*

*Service and travel*          56

*it being necessary I actually used a*
*motor vehicle in the distance of*
20     *miles in the service of*
*this process*

_____
Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ............ , ss



19

DIANE HAMILTON, et al. , Plaintiff(s)

v.

NSMC HEALTHCARE, INC. , Defendant(s)
et al.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 09-3540

FILED
IN THE OFFICE OF THE
CLERK OF COURT
FOR THE COUNTY OF MIDDLE.....X

SEP 29 2009

CLERK

### SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: NSMC Healthcare, Inc.

You are hereby summoned and required to serve upon ............ Jody L. Newman of ........................

.. Dwyer & Collora, LLP ............ plaintiff's attorney, whose address is .... 600 Atlantic Avenue,

12th Floor, Boston, MA 02210 ........................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ... 200 Trade Center,

.. Woburn, MA 01801 .................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ..... Woburn, MA ...................................................

the ................................................ day of September ..............................................

...................., in the year of our Lord ........ 2009 ........................... .

.................................................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................................
20........, I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

................................................................................................................................

................................................................................................................................

................................................................................................................................

.......................................................................................

Dated: ..............................................................................................., 20..........

## N.B.  TO PROCESS SERVER:
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( ........................ 9/17 ......., 20.09... )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

MIDDLESEX ........ ss.

.............. Diane Hamilton, et al. .......... Plff.

v.

.............. NSMC Healthcare, Inc., ........... Deft.
et al.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

## RETURN OF SERVICE

*I this day summoned the within named* NSMC HEALTHCARE, INC.
E. JAMES KRAUS, JR., PRESIDENT

*to appear as within directed by delivering to* ATTORNEY DAVID WRIGHT, HEAD OF LEGAL
COUNSEL, 12:05 PM

X    *in hand*

*No.*    81 HIGHLAND AVENUE
*in the* SALEM    *District of said* ESSEX    *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER*
*SHEET, AND ALLOWED 4C MOTION*

*Service and travel*    56

*it being necessary I actually used a*
*motor vehicle in the distance of*
20    *miles in the service of*
*this process*

Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX ............, ss

No. 09-3540



DIANE HAMILTON, et al. , Plaintiff(s)

v.

THE SALEM HOSPITAL, , Defendant(s)
et al.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

SEP 29 2009

CLERK

## SUMMONS

To the above-named Defendant:    **The Salem Hosital**

You are hereby summoned and required to serve upon ......Jody. L.. Newman. of............................
Dwyer. &. Collora,. LLP.......... plaintiff's attorney, whose address is ...600. Atlantic. Avenue,.
.12th. Floor,. Boston,. MA. 02210........................., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at ...200. Trade. Center,.
.Woburn,. MA. 01801.................................. either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at .......Woburn,. MA...................................................
the ........................................... day of .....September...........................................
...................., in the year of our Lord ..2009................................. .

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
                              ..........................................................................

Dated: ......................................................................................., 20..........

**N.B.  TO PROCESS SERVER:**
      **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
      ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(  _____  )
(  ......................... 9/17 ...., 20..09.. )
(  _____  )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

MIDDLESEX ......ss.

............Diane Hamilton, et al............, Plf.

v.

..........The Salem Hospital, et al.., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

# RETURN OF SERVICE

*I this day summoned the within named* THE SALEM HOSPITAL
MICHAEL J. GEANEY, JR., PRESIDENT

*to appear as within directed by delivering to*   ATTORNEY DAVID WRIGHT, HEAD OF LEGAL
COUNSEL, 12:05 PM

<u>X</u>   *in hand*

*No.*   81 HIGHLAND AVENUE
*in the* SALEM         *District of said* ESSEX         *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER*
*SHEET, AND ALLOWED 4C MOTION*

*Service and travel*         56

*it being necessary I actually used a*
*motor vehicle in the distance of*
20         *miles in the service of*
*this process*

_____
Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

17

......... MIDDLESEX ........., ss



SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09–3540

DIANE HAMILTON, et al. , Plaintiff(s)

v.

UNION HOSPITAL AUXILIARY
OF LYNN, INC., et al. , Defendant(s)

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

SEP 29 2009

CLERK

## SUMMONS

To the above-named Defendant:   **Union Hospital Auxiliary of Lynn, Inc.**

You are hereby summoned and required to serve upon ......**Jody L. Newman of**

..**Dwyer.&.Collora,.LLP**.......... plaintiff's attorney, whose address is ...**600 Atlantic Avenue,**..

..**12th.Floor,.Boston,.MA.02210** ........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...**200 Trade Center,**

..**Woburn,.MA.01801**................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at .......**Woburn, MA**..................................................

the .......................15th............................... day of .....**September**...........................................

....................., in the year of our Lord ..**2009**............................... .

.................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.........................................................................................................................
.........................................................................................................................
.........................................................................................................................

..................................................................................

Dated: ...................................................................................., 20..........

**N.B.  TO PROCESS SERVER:**
    **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
    ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ............... 9/17 ......., 20 07 .. )
( _____ )



COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

MIDDLESEX ......, ss.

Diane Hamilton, et al. ...........Plff.

v.

Union Hospital Auxiliary ..........Deft.
of Lynn, Inc., et al.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

# RETURN OF SERVICE

*I this day summoned the within named* UNION HOSPITAL AUXILLIARY OF LYNN, INC.
TRUDIE FRIDELL, PRESIDENT

*to appear as within directed by delivering to* JANET TALBOT, AUTHORIZED TO ACCEPT
SERVICE FOR CURRENT PRESIDENT BETSY
GALLANT, 9:10 AM

<u>X</u>  *in hand*

*No.* 500 LYNNFIELD STREET
*in the* LYNN          *District of said* ESSEX          *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER
SHEET, AND ALLOWED 4C MOTION*

*Service and travel*          56

*it being necessary I actually used a
motor vehicle in the distance of*
20    *miles in the service of
this process*

_____
Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

*16.*

| | |
|---|---|
| ............MIDDLESEX............ , ss | SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION No. **09-3540** |

DIANE HAMILTON, et al...... , Plaintiff(s)

v.

YOUVILLE HOSPITAL &
REHABILITATION CENTER, INC., et al. , Defendant(s)

FILED IN THE CLERK FOR THE COURT

SEP 29 2009

CLERK

## SUMMONS

To the above-named Defendant: **Youville Hospital & Rehabilitation Center, Inc.**

You are hereby summoned and required to serve upon .......**Jody L. Newman of**...........................

..**Dwyer & Collora, LLP**.......... plaintiff's attorney, whose address is ...**600 Atlantic Avenue,**

..**12th Floor, Boston, MA 02210**..........................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...**200 Trade Center,**

..**Woburn, MA 01801**..................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ..........**Woburn, MA**...............................................

the ..........**15th**..................................... day of ........**September**...............................................

....................., in the year of our Lord ....**2009**.............................. .

.....................................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .......................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

.............................................................................................................................

Dated: ............................................................................................................, 20...........

## N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( .......................... 9/17......, 20..05.. )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.   09-3540

........ Diane Hamilton, et al. .........., Plff.

v.

........ Youville Hospital & ........, Deft.
Rehabilitation Center, Inc.,
et al.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

# RETURN OF SERVICE

*I this day summoned the within named* YOUVILLE HOSPITAL AND
REHABILITATION CENTER, INC.,
DANIEL P. LEAHEY, PRESIDENT

*to appear as within directed by delivering to* DANIEL P. LEAHEY, PRESIDENT, 12:15 PM

<u>X</u>  *in hand*

*No.*  1575 CAMBRIDGE STREET
*in the* CAMBRIDGE      *District of said* MIDDLESEX      *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER*
*SHEET, AND ALLOWED 4C MOTION*

*Service and travel*       56

*it being necessary I actually used a*
*motor vehicle in the distance of*
10      *miles in the service of*
*this process*

*James L Spaulding*
Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

3

............. MIDDLESEX ............. , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. **09-3540**

DIANE HAMILTON, et al. ............. , Plaintiff(s)

v.

JAMES J. MONGAN, M.D., ............. , Defendant(s)
et al.

SEP 29 200

CLERK

### SUMMONS

To the above-named Defendant:   **James J. Mongan, M.D.**

You are hereby summoned and required to serve upon ...... **Jody L. Newman of** .............................

.....**Dwyer & Collora, LLP** ............. plaintiff's attorney, whose address is ..... **600 Atlantic Avenue,**

..**12th Floor, Boston, MA 02210** ............................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..**200 Trade Center,**..

..**Woburn, MA 01801**................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at ...............**Woburn, MA**...............................................

the ....................**15th**........................... day of ........**September**.......................................................

....................., in the year of our Lord ..**2009**.................................... .

Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................................
20........, I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

................................................................................................................................

................................................................................................................................

................................................................................................................................

.................................................................................

Dated: ................................................................................, 20..........

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ..................... 9/17 , 20 09 )
( _____ )

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09-3540

MIDDLESEX ......ss.

Diane Hamilton, et al. .............., Plff.

v.

James J. Mongan, M.D., ..............,Deft.
et al.

**SUMMONS**
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

## RETURN OF SERVICE

*I this day summoned the within named* JAMES J. MONGAN, MD, PRESIDENT AND CEO

*to appear as within directed by delivering to* LINDA DELLORUSSO, ASSISTANT TO JAMES
MONGAN, AUTHORIZED TO ACCEPT SERVICE,
10:55 AM

__X__   *in hand*

*No.*     800 BOYLSTON STREET, SUITE 1150
*in the* BOSTON                 *District of said* SUFFOLK          *County an attested*
*copy of the SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER
SHEET, AND ALLOWED 4C MOTION*

*Service and travel*          56

*it being necessary I actually used a
motor vehicle in the distance of*
10     *miles in the service of
this process*

Process Server

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

........... MIDDLESEX ............... , ss



SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. **09–3540**

......DIANE HAMILTON, et al..... , Plaintiff(s)

v.

......DENNIS D. COLLING........ , Defendant(s)
et al.

Fﾗ
INTﾗ
CLEﾗ
FOR THE Cﾗ

SEP 29 20ﾗ

Clﾗ

## SUMMONS

To the above-named Defendant: **Dennis D. Colling**

You are hereby summoned and required to serve upon ....**Jody L. Newman of**......................

.....**Dwyer & Collora, LLP**.......... plaintiff's attorney, whose address is ........**600 Atlantic Avenue,**

**12th Floor, Boston, MA 02210**........................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..**200 Trade Center,**..

**Woburn, MA 01801**.................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at .....**Woburn, MA**................................................

the ...............**15th**................................ day of **September**..............................................

......................, in the year of our Lord ...**2009**............................... .

........................................................
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

*NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.*

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..............................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.................................................................................................................
.................................................................................................................
.................................................................................................................
................................................................................................

Dated: ......................................................................, 20..........

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
( ..................... 9/17 ...., 20. 09 .. )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ...... ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  09—3540

Diane Hamilton, et al. ........... Plff.

v.

Dennis D. Colling, et al. ....... Deft.

SUMMONS
(Mass. R. Civ. P. 4)

SEPTEMBER 17, 2009

## RETURN OF SERVICE

*I this day summoned the within named* DENNIS D. COLLING, VP OF HUMAN RESOURCES

*to appear as within directed by delivering to*    MAURA COLLING, WIFE, 1:55 PM. THIS IS A
RESIDENCE.

<u>X</u>    *in hand*

*No.*    20 COOLIDGE AVENUE
*in the* CAMBRIDGE    *District of said* MIDDLESEX    *County an attested*
*copy of the* SUMMONS, COMPLAINT, DEMAND FOR JURY TRIAL, CIVIL ACTION COVER
SHEET, AND ALLOWED 4C MOTION

*Service and travel*    56

*it being necessary I actually used a*
*motor vehicle in the distance of*
10    *miles in the service of*
*this process*

*James L. Spaulding*
(Process Server

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. _____

09-3540

DIANE HAMILTON, LYNNE P.
CUNNINGHAM AND CLAIRE KANE,
*on behalf of themselves and all other employees*
*similarly situated,*

*Plaintiffs,*

v.

PARTNERS HEALTHCARE SYSTEM, INC.,
PARTNERS COMMUNITY HEALTHCARE,
INC., THE BRIGHAM AND WOMEN'S
HOSPITAL, INC., BRIGHAM AND
WOMEN'S/FAULKNER HOSPITALS, INC.,
FAULKNER HOSPITAL, INC., MARTHA'S
VINEYARD HOSPITAL, INC., THE
MASSACHUSETTS GENERAL HOSPITAL,
MCLEAN HEALTHCARE, INC., THE
MCLEAN HOSPITAL CORPORATION,
NANTUCKET COTTAGE HOSPITAL,
NEWTON-WELLESLEY HOSPITAL,
NEWTON-WELLESLEY HEALTH CARE
SYSTEM, INC., NORTH SHORE
CHILDREN'S HOSPITAL, INC., NORTH
SHORE MEDICAL CENTER, INC., NSMC
HEALTHCARE, INC., THE SALEM
HOSPITAL, UNION HOSPITAL AUXILIARY
OF LYNN, INC., YOUVILLE HOSPITAL &
REHABILITATION CENTER, INC., JAMES J.
MONGAN, M.D. AND DENNIS D. COLLING,

*Defendants.*

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF

SEP 10 2009

_____
CLERK

| | | |
|---|---|---|
| 94772A000009/10/09CIVIL | 720.00 |
| 94772A000009/10/09SURCHARGE | 15.00 |
| 94789A000009/10/09SECC | 20.00 |

<u>CLASS ACTION COMPLAINT</u>

1.      This is a proceeding for injunctive and declaratory relief and monetary damages to redress the deprivation of rights secured to Plaintiffs Diane Hamilton, Lynne P. Cunningham and Claire Kane individually, as well as all other employees similarly situated, under the common law and various laws of Massachusetts including, but not limited to, Mass. Gen. Laws Ch. 149 §§ 148, 150; Mass. Gen. Law Ch. 151 §§ 1A, 1B, that require an employer to pay employees for all hours worked including premium pay when applicable.

PARTIES

A.      **Defendants**

2.      Collectively, defendants Partners Healthcare System, Inc., Partners Community Healthcare, Inc., The Brigham and Women's Hospital, Inc., Brigham and Women's/Faulkner Hospitals, Inc., Faulkner Hospital, Inc., Martha's Vineyard Hospital, Inc., The Massachusetts General Hospital, McLean Healthcare, Inc., The McLean Hospital Corporation, Nantucket Cottage Hospital, Newton-Wellesley Hospital, Newton-Wellesley Health Care System, Inc., North Shore Children's Hospital, Inc., North Shore Medical Center, Inc., NSMC Healthcare, Inc., The Salem Hospital, Union Hospital Auxiliary of Lynn, Inc., Youville Hospital & Rehabilitation Center, Inc., James J. Mongan, M.D. and Dennis D. Colling (collectively, "Named Defendants") are related organizations through, for example, common membership, governing bodies, trustees and/or officers.

3.      Partners is an enterprise engaged in the operation of a hospital and/or the care of the sick and is a healthcare consortium.

4.      Named Defendants operate more than 27 health care facilities and centers and employ approximately 33,000 individuals.

5.    Named Defendants' health care facilities and centers include the following: Boston Center for Rehabilitive and Subacute Care, Brigham and Women's Hospital, Clark House at Fox Hill Village, Dana Farber/Partners Cancer Care, Faulkner Hospital, Harvard Clinical Research Institute, Martha's Vineyard Hospital, Massachusetts General Hospital, McLean Hospital, Nantucket Cottage Hospital, Newton Wellesley Hospital, North End Rehabilitation and Nursing Center, North Shore Medical Center, North Shore Physicians Group, NSMC Cancer Center, NSMC Heart Center, NSMC North Shore Children's Hospital, NSMC Salem Hospital, NSMC Union Hospital, NSMC Women's Center, Partners Community Healthcare, Inc., Partners Home Care, Partners Hospice, Rehabilitation Hospital of the Cape and Islands, Shaughnessy-Kaplan Rehabilitation Hospital, Spaulding Rehabilitation Hospital Network and Youville Hospital and Rehabilitation Center (collectively "Health Centers").

6.    Named Defendants' affiliated health care facilities and centers include the following: Brigham and Women's Obstetrics and Gynecology Foundation, Inc., Brigham and Women's Obstetrics and Gynecology Research, Brigham and Women's Physician Hospital Organization, Inc., Brigham and Women's Physicians Organization, Inc., Brigham and Women's Private Staff Association, Inc., Brigham and Women's/Faulkner Hospitals, Inc., Brigham/Faulkner OB/GYN Associates, P.C., Dana Farber Metrowest Medical Associates, Inc., Dana-Farber Cancer Institute, Inc., Dana-Farber Trust, Inc., Dana-Farber, Inc., Dana-Farber/Children's Hospital Cancer Care, Inc., Dana-Farber/Partners Cancer Care, Inc., Dermatology Consultants at Newton-Wellesley, P.C., Eye Care and Laser Surgery of Newton-Wellesley, LLC, Faulkner Breast Centre, Inc., Faulkner Community Medical Corporation, The Faulkner Corporation, Faulkner Emergency Associates, P.C., Faulkner Hospital, Inc., The Faulkner Individual Practice Association, Inc., Faulkner Medical Laboratories, Inc., Faulkner

Pathologists, P.C., Faulkner Physicians Association, Inc., The Friends of the Brigham and Women's Hospital, Inc., Friends of Martha's Vineyard Hospital, Inc., Harvard Clinical Research Institute, Inc., Martha's Vineyard Hospital Foundation, Martha's Vineyard Hospital, Inc., The Massachusetts General Hospital, Massachusetts General Hospital Nurses Alumnae Ass., Inc., Massachusetts General Physicians Organization, Inc., Massachusetts General Physicians Corporation, The McLean Child Care Center, Inc., McLean Healthcare, Inc., The McLean Hospital Corporation, McLean Hospital Nurses' Alumni Association, Metrowest-Newton Wellesley Orthopedics & Sports Medicine, P.C., Nantucket Cottage Hospital, Nantucket Cottage Hospital Foundation, Inc., New Babies at Newton Wellesley, P.C., Newton Wellesley Asc, LLC, Newton Wellesley Eye Associates, P.C., Newton Wellesley Hospital Auxiliary, Inc., Newton Wellesley Orthopedic Associates, Inc., Newton-Wellesley Ambulatory Services, Inc., Newton-Wellesley Cardiologists, P.C., The Newton-Wellesley Children's Corner, Inc., Newton-Wellesley Dermatology Associates, P.C., Newton-Wellesley Eating Disorders and Behavioral Medicine, Inc., Newton-Wellesley Emergency Associates, P.C., Newton-Wellesley Emergency Medicine Specialists, P.C., Newton-Wellesley Health Care System, Inc., Newton-Wellesley Home Health Services, Inc., Newton-Wellesley Hospital, Newton-Wellesley Hospital Aid Association, Inc., Newton-Wellesley Hospital Charitable Foundation, Inc., Newton-Wellesley Imaging, P.C., Newton-Wellesley Internists, P.C., Newton-Wellesley Neurology Associates, P.C., Newton-Wellesley Obstetrics & Gynecology, P.C., Newton-Wellesley Orthopedics Physical Therapy, P.C., Newton-Wellesley Pathology Associates, P.C., Newton-Wellesley Physician Hospital Organization, Inc., Newton-Wellesley Physicians, LLC, Newton-Wellesley Professional Services, Inc., Newton-Wellesley Primary Care, P.C., Newton-Wellesley Properties, Inc., Newton-Wellesley Psychiatry, LLP, Newton-Wellesley Psychology Consortium, Inc.,

-4-

Newton-Wellesley Surgeons, Inc., Newton-Wellesley Urology, P.C., Newton-Wellesley Visiting Nurse Association, Newton-Wellesley-Weston Committee for Community Living, Inc., Newton-Wellesley-Weston-Needham Multi-Service Center, Inc., Newton/Wellesley Family Pediatrics, P.C., North Shore Children's Hospital, Inc., North Shore Medical Center, Inc., North Shore Physicians Group, Inc., North Shore Women's Center, P.C., NSMC Healthcare, Inc., Partners Community Healthcare, Inc., Partners Community Radiology LLC, Partners Continuing Care, Inc., Partners Harvard Medical International, Inc., Partners Healthcare System, Inc., Partners Home Care, Inc., Partners Hospice, Inc., Partners International Medical Services, LLC, Partners Private Care, Inc., Partners Private Care, LLC, Pediatric Health Care at Newton-Wellesley, P.C., Pediatrics at Newton Wellesley, P.C., Protestant Chaplaincy Council at Newton Wellesley Hospital, Rehabilitation Hospital of the Cape and Islands Corporation, Shaughnessy-Kaplan Rehabilitation Hospital, Inc., The Spaulding Rehabilitation Hospital Corporation, Spaulding Rehabilitation Hospital (SRH) Volunteer Services, Salem Hospital Aid Association, Inc., The Salem Hospital, Union Hospital Auxiliary of Lynn, Inc., Union Hospital Training School for Nurses and Youville Hospital & Rehabilitation Center, Inc. (collectively, "Affiliates").

7.      Together the Named Defendants, the Health Centers and the Affiliates are referred to as "Partners" or "defendants."

8.      Further, upon information and belief, defendants' integrated labor relations and human resources are centrally organized and controlled, including defendants' employment of a vice president for human resources as part of the management team as well as the maintenance of system-wide policies and certain employee benefit plans.

9.      Upon information and belief, defendants share common management, including oversight and management by a senior executive team and board of directors which controls all

of Partners' operations.

10.     Defendants constitute an integrated, comprehensive, consolidated health care delivery system, offering a wide range of services which are controlled by Partners.

11.     Defendants have centralized supply chain management, financial, computer, payroll and health records systems that are integrated throughout their locations.

12.     Upon information and belief, defendants have common ownership and financial control.

13.     As such, defendants are the employer (single, joint or otherwise) of the Plaintiffs and Class Members and/or alter egos of each other.

14.     Upon information and belief, defendants consider themselves a single employer for purposes of wage and hour matters.

15.     James J. Mongan, M.D. is the President and CEO of Partners.

16.     Upon information and belief, including defendants' admissions, Mr. Mongan's responsibilities include actively managing Partners.

17.     Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern the policies defendants adopt and the implementation of those policies.

18.     Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern defendants' operations, including functions related to employment, human resources, training, payroll, and benefits.

19.     Upon information and belief, due in part to his role as President and Chief Executive Officer, Mr. Mongan is actively involved in the creation of the illegal policies complained of in this case.

20.     Upon information and belief, due in part to his role as President and Chief

Executive Officer, Mr. Mongan actively advises defendants' agents on the enforcement of the illegal policies complained of in this case.

21.  Upon information and belief, due in part to his role as President and Chief Executive Officer, Mr. Mongan actively ensures defendants' compliance or non-compliance with Massachusetts law including the requirements of Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B.

22.  Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern the reviewing and counseling of defendants regarding employment decisions, including hiring and firing of Plaintiffs and Class Members.

23.  Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern employees' schedules, hours and standard benefit levels.

24.  Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern standard pay scales.

25.  Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern defendants' human resources policies, the resolution of issues and disputes regarding policies and their applications, the counsel locations receive regarding human resources issues, and communications with employees about human resources issues and policies.

26.  Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern defendants' employment and human resources records, including the systems for keeping and maintaining those records.

27.  Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern training and education functions across Partners.

28.    Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern the type and scope of training employees must attend as well as any compensation they receive for attending training.

29.    Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern payroll functions across Partners.

30.    Upon information and belief, Mr. Mongan has the authority to, and does, make decisions that concern the system for keeping and maintaining employees' payroll records, the timing and method with which payment is conveyed to employees, and the manner and method in which employees receive payroll information including their payroll checks.

31.    Because Mr. Mongan has authority to hire or fire employees, provide and direct support regarding human resources issues, including the hiring and firing of Plaintiffs and Class Members, and control the drafting and enforcement of the policies which govern the hiring and firing of employees, Mr. Mongan has the power to hire and fire employees.

32.    Because Mr. Mongan has authority to establish work schedules and/or conditions of employment, provide and direct support regarding human resources issues, including work schedules and/or conditions of employment, control the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, establish the type and scope of training employees receive, and administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees, Mr. Mongan supervises and controls employees' work schedules and/or conditions of employment.

33.    Because Mr. Mongan has authority to establish employees' rate and method of payment and centrally control payroll functions, including standard pay scales, the provision of payroll information, and the timing of payment, Mr. Mongan determines the rate and method of

employees' payment.

34.    Because Mr. Mongan has authority with respect to defendants' centralized records, including a database regarding employees' employment records, and systems for keeping and maintaining payroll, benefits, and other employment-related records, Mr. Mongan maintains employees' employment records.

35.    Because Mr. Mongan provides day-to-day support regarding human resources issues, including employees' work schedules and/or conditions of employment, controls the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, and administers employees' benefit programs, he is affirmatively, directly, and actively involved in operations of the defendants' business functions, particularly in regards to the employment of Plaintiffs.

36.    Because Mr. Mongan is actively involved in the creation of the illegal policies complained of in this case, actively advises defendants' agents on the enforcement of the illegal policies complained of in this case and actively ensures defendants' compliance or non-compliance with Massachusetts law including requirements of Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B, he actively participates in the violations complained of in this action.

37.    Based upon the foregoing, Mr. Mongan is liable to Plaintiffs because of his active role in operating the business his role in the violations complained of in this action, his status as an employer, or otherwise according to Massachusetts law.

38.    Dennis D. Colling is the Vice President of Human Resources of Partners.

39.    Upon information and belief, Mr. Colling is responsible for, provides direction and control over, and is authorized to direct all aspects of human resources functions across Partners.

40.    Upon information and belief, due in part to his role of overseeing human resources, training and education, and payroll and commission services, Mr. Colling is actively involved in the creation of the illegal policies complained of in this case.

41.    Upon information and belief, due in part to his role of overseeing human resources, training and education, and payroll and commission services, Mr. Colling actively advises defendants' agents on the enforcement of the illegal policies complained of in this case.

42.    Upon information and belief, due in part to his role of overseeing human resources, training and education, and payroll and commission services, Mr. Colling actively ensures defendants' compliance or non-compliance with Massachusetts state law including requirements of Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B.

43.    Upon information and belief, Mr. Colling is actively involved in reviewing and counseling defendants regarding employment decisions, including hiring and firing of Plaintiffs and Class Members.

44.    Upon information and belief, Mr. Colling is actively involved in decisions that set employees' schedules, hours and standard benefit levels.

45.    Upon information and belief, Mr. Colling is actively involved in decisions that set standard pay scales.

46.    Upon information and belief, Mr. Colling is actively involved in the determination and drafting of human resources policies, the resolution of issues and disputes regarding policies and their application, the counseling locations receive regarding human resources issues, and communications with employees about human resources issues and policies.

47.    Upon information and belief, Mr. Colling is actively involved in defendants' employment and human resources records, including the systems for keeping and maintaining

those records.

48.    Upon information and belief, Mr. Colling is actively involved in training and education functions across Partners.

49.    Upon information and belief, Mr. Colling is actively involved in determining the type and scope of training employees must attend as well as any compensation they receive for attending training.

50.    Upon information and belief, Mr. Colling is actively involved in payroll functions across Partners.

51.    Upon information and belief, Mr. Colling is actively involved in the system for keeping and maintaining employees' payroll records, the timing and method with which payment is conveyed to employees, and the manner and method in which employees receive payroll information including their payroll checks.

52.    Upon information and belief, Mr. Colling is actively involved in benefit plans across Partners.

53.    Upon information and belief, Mr. Colling is actively involved in determining the type and scope of benefits available to employees, the method and manner in which information regarding those plans is conveyed to employees, and the system for keeping and maintaining records related to employees' benefits.

54.    Because Mr. Colling has authority to hire or fire employees, provide and direct support regarding human resources issues, including the hiring and firing of employees, and control the drafting and enforcement of the policies which govern the hiring and firing of employees, Mr. Colling has the power to hire and fire employees.

55.    Because Mr. Colling has authority to establish work schedules and/or conditions of

employment, provide and direct support regarding human resources issues, including work schedules and/or conditions of employment, control the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, establish the type and scope of training employees receive, and administer employees' benefit programs, including standard benefit levels and the type and scope of benefits available to employees, Mr. Colling supervises and controls employees' work schedules and/or conditions of employment.

56.    Because Mr. Colling has authority to establish employees' rate and method of payment and centrally control payroll functions, including standard pay scales, the provision of payroll information, and the timing of payment, Mr. Colling determines the rate and method of employees' payment.

57.    Because Mr. Colling has authority with respect to defendants' centralized records, including a database regarding employees' employment records, and systems for keeping and maintaining payroll, benefits, and other employment-related records, Mr. Colling maintains employees' employment records.

58.    Because Mr. Colling provides day-to-day support regarding human resources issues, including employees' work schedules and/or conditions of employment, controls the drafting and enforcement of the policies which govern employees' schedules and/or conditions of employment, and administers employees' benefit programs, he is affirmatively, directly, and actively involved in operations of defendants' business functions, particularly in regards to the employment of Plaintiffs and Class Members.

59.    Because Mr. Colling is actively involved in the creation of the illegal policies complained of in this case, actively advises defendants' agents on the enforcement of the illegal policies complained of in this case and actively ensures defendants' compliance or non-

compliance with Massachusetts law including requirements of Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B, Mr. Colling actively participates in the violations complained of in this action.

60.    Based upon the foregoing, Mr. Colling is liable to Plaintiffs because of his active role in operating the business, his role in the violations complained of in this action, his status as an employer, or otherwise according to Massachusetts law.

**B.    Plaintiffs**

*Named Plaintiffs*

61.    Named Plaintiffs Diane Hamilton, Lynne P. Cunningham and Claire Kane ("Plaintiffs") are residents of the Commonwealth of Massachusetts. Diane Hamilton and Lynne P. Cunningham reside in Essex County and Claire Kane resides in Norfolk County.

*Class Members*

62.    The Class Members are those employees of defendants who were suffered or permitted to work by defendants and not paid for all the time they worked including applicable premium pay.

## CLASS ACTION ALLEGATIONS

63.    The claims arising under this complaint are properly maintainable as a class action under Massachusetts's Rule of Civil Procedure ("Mass. R. Civ. P.") 23.

64.    The class consists of current and former employees who worked for defendants, were paid hourly and were not paid for all the time they worked including applicable premium pay.

65.    The class size is believed to be well over 33,000 employees.

66.    Common questions of law and fact predominate in this action because the claims

of all Plaintiffs and Class Members are based on defendants' policies and practice of not properly paying employees for all hours worked including applicable premium pay in violation of the laws of Massachusetts.

67.    The named Plaintiffs will adequately represent the interests of the Class Members because they are similarly situated to the Class Members and their claims are typical of, and concurrent to, the claims of the other Class Members.

68.    There are no known conflicts of interest between the named Plaintiffs and the other Class Members.

69.    The class counsel, Dwyer & Collora, LLP and Thomas & Solomon LLP, are qualified and able to litigate the Plaintiffs' and Class Members' claims.

70.    The class counsel practice in employment litigation, and their attorneys are experienced in class action litigation, including class actions arising under state wage and hour laws.

71.    The class action is maintainable under Mass. R. Civ. P. 23 because the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent this action, the Plaintiffs and Class Members likely will not obtain redress of their injuries and defendants will retain the proceeds of their violations of the laws of Massachusetts.

## FACTUAL BACKGROUND

72.    Partners is one of the largest health care providers in Massachusetts.

73.    As discussed below, defendants maintained several illegal pay policies that denied Plaintiffs and Class Members compensation for all hours worked.

*Meal Break Deduction Policy*

74.    Pursuant to defendants' "Meal Break Deduction Policy," defendants' computerized

time-keeping system automatically deducts one half-hour from employees' paychecks each day for a meal break even though defendants fail to ensure that employees were relieved from duty for a meal break and employees did in fact perform work during those breaks and were not paid for that time.

75.    Defendants maintain the Meal Break Deduction Policy throughout its facilities and centers.

76.    Plaintiffs and Class Members allow defendants to operate on a 24/7 basis, and in doing so, Plaintiffs and Class Members often perform compensable work for defendants during their uncompensated meal breaks.

77.    Defendants do not prohibit Plaintiffs and Class Members from working during their meal breaks and do not have rules against such work.

78.    Although the defendants' policy deducts 30 minutes of pay each shift, defendants expect Plaintiffs and Class Members to be available to work throughout their shifts and consistently requires its employees to work during their unpaid meal breaks.

79.    Plaintiffs and Class Members are not relieved by another employee when their break comes, or asked to leave their work location.

80.    Plaintiffs and Class Members are expected to eat without any change in demands from patients or relief by additional staff.

81.    Further, all defendants' employees are required to respond to pages whether on break or not, as well as requests by patients, co-workers and management.

82.    Further, defendants for years have been reducing staffing which imposes larger and larger burdens on Plaintiffs and Class Members to immediately respond to the defendants' needs regardless of whether Plaintiffs and Class Members are on a "meal break."

-15-

83.    Defendants know that Plaintiffs and Class Members perform work during their meal breaks.

84.    For example, Plaintiffs and Class Members perform the work for the defendants, on defendants' premises, in plain sight, and at management's request.

85.    Defendants' management have repeatedly observed Plaintiffs and Class Members working though their unpaid meal breaks.  Defendants' management has gone so far as to direct Plaintiffs and Class Members to work during their unpaid meal breaks even though defendants' management knew that they would not be able to have a full meal break.

86.    Plaintiffs and Class Members had conversations with defendants' managers in which they discussed how they were working through their meal periods and were not getting paid for such work.

87.    When questioned by employees about the Meal Break Deduction Policy, the defendants affirmatively stated that the employees could not be paid for such time, even though defendants knew such time was compensable.

88.    Further, given the demands of the health care industry and short staffing, defendants' management knew that to get the tasks done they assigned to Plaintiffs and Class Members, when they needed to get done, Plaintiffs and Class Members had to work through their meal breaks even during times they were not paid for their meal breaks.

89.    Even though defendants know its employees are performing such work, defendants fail to compensate their employees for such work.

90.    All Plaintiffs and Class Members are subject to the Meal Break Deduction Policy and are not fully compensated for work they perform during breaks, including, without limitation, hourly employees working at Partners' facilities and centers, such as secretaries,

housekeepers, custodians, clerks, porters, food service hosts, registered nurses, licensed practical nurses, nurses aides, administrative assistants, anesthetists, clinicians, medical coders, medical underwriters nurse case managers, nurse interns, nurse practitioners, practice supervisors, professional staff nurses, quality coordinators, resource pool nurses, respiratory therapists, senior research associates, operating room coordinators, surgical specialists, admissions officers, student nurse techs, trainers, transcriptionists, occupational therapists, occupational therapy assistants, physical therapists, physical therapy assistants, radiation therapists, staff therapists, angiotechnologists, x-ray technicians, CAT scan technicians, mammographers, MRI technologists, sleep technologists, surgical technologists, radiographers, phlebotomists, and other health care workers.

91.    Employees are entitled to compensation for all time they performed work for defendants, including during their meal breaks.

92.    In addition, if Plaintiffs' and Class Members' hours had been properly calculated, the time spent working during meal breaks often would include work that should' have been calculated at applicable premium rates.

93.    All Plaintiffs and Class Members subject to the Meal Break Deduction Policy are members of Subclass 1.

*Unpaid Preliminary and Postliminary Work Policy*

94.    Partners suffered or permitted Plaintiffs and Class Members to perform work before and/or after the end of their scheduled shift and failed to ensure that employees were relieved from their duties before and/or after the end of their scheduled shift.

95.    However defendants failed to pay Plaintiffs and Class Members for all time spent performing such work as a result of defendants' policies, practices and/or time recording system

(the "Unpaid Preliminary and Postliminary Work Policy").

96. In addition, if Plaintiffs' and Class Members' hours had been properly calculated, the time spent, performing work before and/or after their shifts often would have included work that should have been calculated at applicable premium rates.

97. All Plaintiffs and Class Members subject to the Unpaid Preliminary and Postliminary Work Policy are members of Subclass 2.

*Unpaid Training Policy*

98. Defendants also suffered or permitted Plaintiffs and Class Members to attend compensable training programs.

99. However, defendants fail to pay employees for all time spent attending such training sessions (the "Unpaid Training Policy").

100. In addition, if Plaintiffs' and Class Members hours had been properly calculated, the time spent attending training often would have included work that should have been calculated at applicable premium rates.

101. All Plaintiffs and Class Members subject to the Unpaid Training Policy are members of Subclass 3.

102. Collectively, the Meal Break Deduction Policy, the Unpaid Preliminary and Postliminary Work Policy and the Unpaid Training Policy, are referred to herein as the "Unpaid Work Policies."

*Additional Allegations*

103. Plaintiffs and Class Members were subject to defendants' time keeping policies which fail to ensure that employees are compensated for all hours worked, including pursuant to the Unpaid Work Policies.

104.    Further, because of defendants' pay policies, defendants' improperly rounded Plaintiffs' and Class Members' hours of work.

105.    Defendants' failure to pay all wages and overtime as required by Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B was in reckless disregard of Plaintiffs' and Class Members' rights.

106.    As a direct and proximate cause of defendants' failure to pay all wages and overtime as required by law, defendants violated Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B, and Plaintiffs and Class Members have suffered damages.

107.    Among the relief sought, Plaintiffs seek injunctive relief to prevent Partners from continuing the illegal policies and practices perpetuated pursuant to the Unpaid Work Policies.

108.    By entering into an employment relationship, defendants and Plaintiffs and Class Members entered into a contract for employment, including implied contracts and express contracts.

109.    Defendants entered into an express contract with Plaintiffs and Class Members that was explicitly intended to order and govern the employment relationship between defendants and Plaintiffs and Class Members.

110.    This binding express contract provided that Plaintiffs and Class Members would provide services and labor to defendants in return for compensation under the provisions of the contract.

111.    This express contract provided that defendants promised to compensate Plaintiffs and Class Members for "all hours worked" during their employment period.

112.    In addition, defendants' express contract with Plaintiffs and Class Members embodied all binding legal requirements concerning the payment of such wages to the Plaintiffs

and Class Members that were in force at the time of that contract.

113.   As alleged herein, Plaintiffs and Class Members regularly worked hours both under and in excess of forty per week and were not paid for all of those hours.

114.   The defendants failed to pay for time that Plaintiffs and Class Members worked including, but not limited to, during their meal breaks, time that Plaintiffs and Class Members spent in required, job-related training, and time that Plaintiffs and Class Members spent before and after their regular work hours performing work-related tasks.

115.   Defendants have received financial gain at the expense of Plaintiffs and Class Members because they did not pay Plaintiffs and Class Members for all hours worked and Defendants kept monies owed to the Plaintiffs and Class Members.

116.   Defendants have received that financial gain under such circumstances that in equity and good conscience Defendants ought not to be allowed to profit at the expense of Plaintiffs and Class Members.

117.   Pursuant to their on-going dealings and course of conduct, Plaintiffs and Class Members agreed with defendants that, among other things, defendants would pay Plaintiffs and Class Members for all hours worked.

118.   Specifically, defendants contracted to hire Plaintiffs and Class Members at a set rate of pay, with a set work schedule for a particular position, under set terms of employment.

119.   In addition, defendants implied contract with Plaintiffs and Class Members embodied all binding legal requirements concerning the payment of such wages to Plaintiffs and Class Members that were in force at the time of that contract.

120.   Defendants failed to compensate Plaintiffs and Class Members in compliance with this implied contract by failing to compensate Plaintiffs and Class Members for time that they

worked, including pursuant to the Unpaid Work Policies.

121.    Each such contract also included an implied or express term that defendants agreed to fulfill all of their obligations pursuant to applicable Massachusetts law, including payment for all time worked including applicable premium pay.

122.    Defendants failed to act in good faith and breached the express and/or implied contract terms by failing to pay Class Members for all of the time Class Members worked and by failing to pay Class Members all time worked including applicable premium pay. As a result of defendants' breach of express and implied contracts, Plaintiffs and Class Members have been harmed and as a direct and proximate result have suffered damages including all amounts they should have been paid for all time worked including applicable premium pay.

123.    The contracts between Plaintiffs/Class Members and defendants contained an implied covenant of good faith and fair dealing, which obligated defendants to perform the terms and conditions of the employment contract fairly and in good faith and to refrain from doing any act that would violate any state law governing the employment relationship or any act that would deprive Class Members of the benefits of the contract.

124.    Defendants breached their duty of good faith and fair dealing by failing to compensate Plaintiffs and Class Members in accordance with the applicable Massachusetts laws for all the time worked, including applicable premium pay.

125.    As a result of defendants' breach of duty of good faith and fair dealing, Plaintiffs and Class Members have been harmed and as a direct and proximate result have suffered damages including all amounts they should have been paid for all the time worked, including applicable premium pay.

126.    Defendants made clear, definite promises to Plaintiffs and Class Members that

they would be paid for all hours worked including applicable premium pay in accordance with the applicable Massachusetts laws.

127.    Defendants made these promises with the clear understanding that Plaintiffs and Class Members were seeking employment and therefore were seeking assurances that they would be paid for all hours worked. Plaintiffs and Class Members relied on this promise. Without such a promise of being paid for all hours worked, Plaintiffs and Class Members would not have worked for Partners.

128.    Plaintiffs and Class Members acted to their substantial detriment in reasonable reliance on defendants' promise to pay them for wages and benefits earned. Injustice can only be avoided only if this Court mandates that defendants pay its employees for all hours worked.

129.    At all relevant times, defendants had and continued to have a legal obligation to pay Plaintiffs and Class Members all earnings and overtime due. The wages belong to Plaintiffs and Class Members as of the time the labor and services were provided to defendants and, accordingly, the wages for services performed are the property of the Plaintiffs and Class Members.

130.    In refusing to pay wages and applicable premium pay  to Plaintiffs and Class Members, defendants knowingly, unlawfully and intentionally took, appropriated and converted the wages and overtime earned by Plaintiffs and Class Members for defendants' own use, purpose and benefit. At the time the conversion took place, Plaintiffs and Class Members were entitled to immediate possession of the amount of wages and overtime earned. As a result, Plaintiffs and Class Members have been denied the use and enjoyment of their property and have been otherwise damaged in an amount to be proven at trial. This conversion was done in bad faith, oppressive, malicious, and fraudulent and/or done with conscious disregard of the rights of

the Plaintiffs and Class Members. This conversion was concealed from Plaintiffs and Class Members.

131. Defendants' failure to compensate Plaintiffs and Class Members for all the time they worked, including applicable premium pay, constitutes the conversion of the monies of Plaintiffs and the Class Members.

132. As a direct and proximate result of the conversion by defendants of monies belonging to Plaintiffs and Class Members, Plaintiffs and Class Members have suffered damages including all amounts they should have been paid at regular or premium rates for time worked.

133. Plaintiffs and Class Members conferred a measurable benefit upon defendants by working on defendants' behalf without receiving compensation, including premium overtime compensation.

134. As detailed herein, rather than incur additional labor costs by paying non-exempt hourly-paid employees for all of the hours that they worked, defendants accepted the services provided by Plaintiffs and Class Members and required Plaintiffs and Class Members to work hours under and in excess of forty without receiving any compensation for those hours. Plaintiffs and Class Members provided their services with the reasonable expectation of receiving compensation from the defendants.

135. Defendants failed to compensate Plaintiffs and Class Members for all hours worked, pursuant to the Unpaid Work Policies.

136. Defendants had an appreciation or knowledge of the benefit conferred by these Plaintiffs and Class Members. For example, defendants' management has: observed Plaintiffs and Class Members working through their unpaid meal breaks, directed Plaintiffs and Class Members to work during their unpaid meal breaks, and affirmatively told Plaintiffs and Class

Members that they could not be paid for such time.

137.    Defendants have received financial gain at the expense of Plaintiffs and Class Members because they did not pay Plaintiffs and Class Members for all hours worked and defendants kept the monies and benefits owed to the Plaintiffs and Class Members.

138.    Defendants have received that financial gain under such circumstances that, in equity and good conscience, defendants ought not to be allowed to profit and retain the benefits without payment of its value.

139.    Defendants enjoyed the benefit of the monies rightfully belonging to the Plaintiffs and Class Members at the expense of the Plaintiffs and Class Members.

140.    Defendants failed to act in good faith by failing to pay for all the hours worked including applicable premium pay, which has unjustly enriched defendants to the detriment of Plaintiffs and Class Members.

141.    Defendants failed to act in good faith and violated their obligations by failing to pay Plaintiffs and Class Members for the reasonable value of the services performed by Plaintiffs and Class Members for defendants.

142.    As a direct and proximate result of defendants' unjust enrichment, Plaintiffs and Class Members have suffered injuries and are entitled to reimbursement, restitution and disgorgement from defendants of the benefits conferred by Plaintiffs' and the Class Members' work without compensation as required by Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B and Massachusetts common law.

143.    The defendants engaged in such conduct and made statements to conceal from the Plaintiffs their rights and to frustrate the vindication of the employees' rights under Massachusetts law.

144.    As a result, employees were unaware of their claims.

145.    Through the paystubs and payroll information it provided to employees, Partners deliberately concealed from its employees that they did not receive compensation for all compensable time and misled them into believing they were being paid properly.

146.    Plaintiffs and Class Members are under no duty to inquire of defendants that they were paid for all hours worked including applicable premium pay. As a direct and proximate cause of defendants affirmatively misleading Plaintiffs and Class Members regarding the fact that they were to be paid for all compensable time, defendants are estopped from asserting statute of limitations defenses against Plaintiffs and Class Members.

147.    Further, in the course of their business, by maintaining and propagating the illegal policies, defendants deliberately misrepresented to Plaintiffs and Class Members that they were being properly paid for compensable time, even though Plaintiffs were not receiving pay for all compensable time.

148.    Defendants, in the course of their business, through their corporate publications and through statements of their agents, represented that wages would be paid legally and in accordance with defendants' obligations pursuant to applicable Massachusetts laws. Defendants failed to exercise reasonable care in communicating to Plaintiffs and Class Members that they would be paid for all compensable time.

149.    In the course of their business, defendants misrepresented in their employee manuals and policy manuals to Plaintiffs and Class Members that they would be paid for all compensable time including those worked both under and in excess of forty in a work week.

150.    Defendants intended for Plaintiffs and Class Members to rely upon defendants misrepresentations that they would be paid for all compensable time, including applicable

premium pay.

151.    Defendants, however, at all times intended to violate applicable Massachusetts laws by failing to pay Plaintiffs and Class Members for all compensable time, including applicable premium pay.

152.    These misrepresentations were material to the terms of Plaintiffs' and Class Members' employment contracts (express and implied), and Plaintiffs and Class Members justifiably relied on the misrepresentations in agreeing to accept and continue employment with defendants. This reliance was reasonable, as Plaintiffs and Class Members had every right to believe that defendants would abide by their obligations pursuant to applicable Massachusetts law.

153.    When defendants hired Plaintiffs and Class Members, they represented to Plaintiffs and Class Members that they would be fully compensated for all services performed.

154.    Defendants affirmatively misled Plaintiffs and Class Members regarding the fact that defendants failed to pay Plaintiffs and Class Members for all compensable time.

155.    Defendants induced Plaintiffs and Class Members to accept employment with defendants by misrepresenting to Plaintiffs and Class Members that they would be fully paid for all compensable time.

156.    There was no reasonable basis for defendants to believe these representations because defendants had a continuing practice and policy of failing to pay their employees for all compensable time, including applicable premium pay. Defendants concealed the fact that they did not pay Plaintiffs and Class Members for all compensable time from Plaintiffs and Class Members. Plaintiffs and Class Members relied upon defendants' representations by performing work and services for defendants. This reliance was reasonable, as Plaintiffs and Class Members

had every right to believe that defendants would abide by their obligations to pay for all hours worked pursuant to the Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B and common law.

157. As a direct and proximate cause of defendants' fraud and negligent misrepresentations Plaintiffs and Class Members have suffered damages because they were not compensated for all compensable time that they worked both under and in excess of forty per week.

158. Defendants also failed to make, keep and preserve true and accurate records of the hours worked by Plaintiffs and Class Members in violations of Mass. Gen. Law Ch. 151 § 15.

159. Defendants failed to post a workplace notice of basic minimum wage rates and other relevant positions in violation of 455 MA A.D.C. 2.06.

160. Plaintiffs and Class Members were not classified as exempt employees because hourly employees do not fall under one of the enumerated exemptions under Mass. Gen. Law Ch. 151 §§ 1A, 1B.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

161. Pursuant to the requirements as set forth in Mass. Gen. Law Ch. 149 § 150, the Office of the Attorney General issued right-to-sue letters to proceed on these claims in court.

## COUNT I
### Violation of Mass. Gen. Laws Ch. 149 § 148

162. Plaintiffs re-allege the above paragraphs as if fully restated herein.

163. As a direct and proximate cause of defendants' acts, including defendants' failure to act in good faith, defendants violated Mass. Gen. Laws Ch. 149 § 148, and Plaintiffs and Class Members have suffered damages.

## COUNT II
### Failure to Pay Overtime Wages, Mass. Gen. Laws Ch. 151 §§ 1A

164.    Plaintiffs re-allege the above paragraphs as if fully restated herein.

165.    As a direct and proximate cause of defendants' acts, including defendants failure to act in good faith, defendants violated Mass. Gen. Laws Ch. 151 § 1A, and Plaintiffs and Class Members have suffered damages.

## COUNT III
### Breach of Contract: Failure to Pay Earned Wages

166.    Plaintiffs reallege the above paragraphs as if fully restated herein.

167.    Defendants are liable to Plaintiffs and Class Members for breach of their contract.

168.    As a direct and proximate cause of defendants' breach of contract, Plaintiffs and Class Members have suffered damages.

## COUNT IV
### Breach of Contract: Failure to Provide and Pay for Missed and/or Interrupted Meal Breaks

169.    Plaintiffs reallege the above paragraphs as if fully restated herein.

170.    Defendants are liable to Plaintiffs and Class Members for breach of their contract.

171.    As a direct and proximate cause of defendants' breach of contract, Plaintiffs and Class Members have suffered damages.

## COUNT V
### Breach of Implied Contract

172.    Plaintiffs reallege the above paragraphs as if fully restated herein.

173.    Defendants are liable to Plaintiffs and Class Members for breach of implied contracts.

174.    As a direct and proximate cause of defendants' breach of implied contracts, Plaintiffs and Class Members have suffered damages.

-28-

## COUNT VI
### Money Had and Received in Assumpsit

175.    Plaintiffs reallege the above paragraphs as if fully restated herein.

176.    Defendants are liable to Plaintiffs and Class Members based on money had and received in assumpsit.

177.    As a direct and proximate cause of defendants' failure to pay Plaintiffs and Class Members for all hours worked under circumstances in equity and good conscience, Plaintiffs and Class Members have suffered damages.

## COUNT VII
### Quantum Meruit/Unjust Enrichment

178.    Plaintiffs reallege the above paragraphs as if fully restated herein.

179.    Defendants are liable to Plaintiffs and Class Members based on quantum meruit.

180.    As a direct and proximate cause of defendants' failure to pay Plaintiffs and Class Members the reasonable value of their services, including defendants' failure to act in good faith, Plaintiffs and Class Members have suffered damages.

## COUNT VIII
### Fraud

181.    Plaintiffs reallege the above paragraphs as if fully restated herein.

182.    Defendants are liable to Plaintiffs and Class Members for fraud.

183.    As a direct and proximate cause of defendants' misrepresentations Plaintiffs and Class Members have suffered damages.

## COUNT IX
### Negligent Misrepresentation

184.    Plaintiffs reallege the above paragraphs as if fully restated herein.

185.    Defendants are liable to Plaintiffs and Class Members for negligent

misrepresentation.

186.   As a direct and proximate cause of defendants' misrepresentations Plaintiffs and Class Members have suffered damages.

## COUNT X
### Equitable Estoppel

187.   Plaintiffs reallege the above paragraphs as if fully restated herein

188.   Defendants are estopped from asserting statute of limitations defenses against Plaintiffs and Class Members.

## COUNT XI
### Promissory Estoppel

189.   Plaintiffs reallege the above paragraphs as if fully restated herein

190.   Defendants are liable to Plaintiffs and Class Members for promissory estoppel.

191.   As a direct and proximate cause of defendants' promises Plaintiffs and Class Members have suffered damages.

## COUNT XII
### Conversion

192.   Plaintiffs reallege the above paragraphs as if fully restated herein.

193.   Defendants are liable to Plaintiffs and Class Members for conversion.

194.   As a direct and proximate result of the conversion by defendants of monies belonging to Plaintiffs and Class Members, Plaintiffs and Class Members have suffered damages.

## COUNT XIII
### Failure To Keep Accurate Records

195.   Plaintiffs reallege the above paragraphs as if fully restated herein.

196.   Defendants are liable to Plaintiffs and Class Members for their failure to keep

accurate records.

197.    As a direct and proximate result defendants' failure to keep true and accurate record of hours worked by Plaintiffs and Class Members, Plaintiffs and Class Members have suffered damages.


**WHEREFORE**, Plaintiffs demand judgment against defendants, including an award of treble damages, plus costs of suit in their favor and that they be given the following relief:

(a)    certification of this case as a class action;

(b)    an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations;

(c)    an award of the value of Plaintiffs' and Class Members' unpaid wages, including fringe benefits;

(d)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Plaintiffs' rights;

(e)    an award of pre- and post-judgment interest; and

(f)    such other and further legal or equitable relief as this Court deems to be just and appropriate.


### Jury Demand

Plaintiffs hereby request a jury trial on all issues so triable.

Dated:  September 9, 2009

Respectfully submitted,
DIANE HAMILTON, et al.,
and all others similarly situated

By their attorneys,

Jody L. Newman (BBO No. 542264)
Ariatna Villegas-Vazquez (BBO No. 655249)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210-2211
(617) 371-1000
jnewman@dwyercollora.com
avillegas-vazquez@dwyercollora.com

THOMAS & SOLOMON LLP
Patrick J. Solomon, Esq. (*pro hac vice admission anticipated*)
Michael J. Lingle, Esq. (*pro hac vice admission anticipated*)
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540
psolomon@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT | DOCKET NO. 09-3540 |
|---|---|---|
| | COUNTY OF MIDDLESEX | |

| PLAINTIFF(S) Diane Hamilton, et al. | DEFENDANT(S) Partners Healthcare System, Inc., et al. |
|---|---|

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| Jody L. Newman (BBO No. 542264) Dwyer & Collora, LLP 600 Atlantic Avenue, 12th Floor Boston, MA 02210 (617) 371-1000 | |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 Other (specify ) - Fast Track D99 Other (specify) - Fast Track | See description below. | | (•) ] Yes ( ) ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

FILED
IN THE CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
SEP 10 2009
CLERK

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . $_____
2. Total doctor expenses . . . . . . . . . . . . . . . . $_____
3. Total chiropractic expenses . . . . . . . . . . . . . $_____
4. Total physical therapy expenses . . . . . . . . . . . $_____
5. Total other expenses (describe) . . . . . . . . . . . $_____
                                          Subtotal $_____
B. Documented lost wages and compensation to date . . . . $_____
C. Documented property damages to date . . . . . . . . . . $_____
D. Reasonably anticipated future medical expenses . . . . $_____
E. Reasonably anticipated lost wages and compensation to date $_____
F. Other documented items of damages (describe) . . . . . $_____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                          Total $_____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

See attached sheet.                    TOTAL    $25,000+
                    Detailed amount to be determined during discovery.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT _____

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____    Date:  Sep 9, 2009
A.O.S.C. 3-2007

## CONTRACT CLAIMS
### Provide a detailed description of claim(s):

Class Action arising out of violations of Mass. Gen. Laws Ch. 149 §§ 148, 150; Mass. Gen. Law Ch. 151 §§ 1A, 1B, as well as breach of express and implied contracts as a result of Defendants' failure to compesate Plaintiffs and Class Members for all the time they worked, including applicable premium pay under Massachusetts law.

By failing to properly compensate Plaintiffs and Class Members for all time worked, Defendants were unjustly enriched.  Accordingly, Plaintiffs and Class Members seek reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiffs' and the Class Members' work without compensation as required by Mass. Gen. Law Ch. 149 §§ 148, 150 and Mass. Gen. Law Ch. 151 §§ 1A, 1B and Massachusetts common law.

In addition, Defendants failure to compensate Plaintiffs and Class Members for all the time they worked, including applicable premium pay, constitutes the conversion of the monies of Plaintiffs and the Class Members.

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # **MICV2009-03540-J**

**Courtroom Civil J - Ct Rm 420 - 200 TradeCenter, Woburn**

RE:    **Hamilton, on behalf of themselves & all other employees et al v Partners Healthcare System, Inc. et al**

TO:

      Jody L Newman, Esquire
      Dwyer & Collora LLP
      600 Atlantic Avenue
      Federal Reserve Plaza 12th floor
      Boston, MA 02210

## SCHEDULING ORDER FOR F TRACK

    You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **07/02/2011**.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 12/09/2009 | 12/09/2009 | |
| Response to the complaint filed (also see MRCP 12) | | 01/08/2010 | |
| All motions under MRCP 12, 19, and 20 | 01/08/2010 | 02/07/2010 | 03/09/2010 |
| All motions under MRCP 15 | 01/08/2010 | 02/07/2010 | 03/09/2010 |
| All discovery requests and depositions served and non-expert depositions completed | 07/07/2010 | | |
| All motions under MRCP 56 | 08/06/2010 | 09/05/2010 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/03/2011 |
| Case shall be resolved and judgment shall issue by **07/02/2011** | | | **07/02/2011** |

-  **The final pre-trial deadline is <u>not the scheduled date of the conference.</u>**
-  **You will be notified of that date at a later time.**
-  **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 09/17/2009

                          Michael A. Sullivan
                          Clerk of the Court

Telephone: 781-939-2781

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # **MICV2009-03540-J**

**Courtroom Civil J - Ct Rm 420 - 200 TradeCenter, Woburn**

RE:    **Hamilton, on behalf of themselves & all other employees et al v Partners Healthcare System, Inc. et al**

TO:

Ariatna Villegas-Vazquez, Esquire
Dwyer & Collora LLP
600 Atlantic Avenue
Federal Reserve Plaza 12th floor
Boston, MA 02110

## SCHEDULING ORDER FOR  F  TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **07/02/2011**.

### STAGES OF LITIGATION                    DEADLINES

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 12/09/2009 | 12/09/2009 | |
| Response to the complaint filed (also see MRCP 12) | | 01/08/2010 | |
| All motions under MRCP 12, 19, and 20 | 01/08/2010 | 02/07/2010 | 03/09/2010 |
| All motions under MRCP 15 | 01/08/2010 | 02/07/2010 | 03/09/2010 |
| All discovery requests and depositions served and non-expert depositions completed | 07/07/2010 | | |
| All motions under MRCP 56 | 08/06/2010 | 09/05/2010 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/03/2011 |
| Case shall be resolved and judgment shall issue by **07/02/2011** | | | 07/02/2011 |

- The final pre-trial deadline is <u>not the scheduled date of the conference.</u>
- **You will be notified of that date at a later time.**
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 09/17/2009

Michael A. Sullivan
Clerk of the Court

Telephone: 781-939-2781