UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE HAMILTON, et al.<br><br>  Plaintiffs<br><br>v.<br><br>PARTNERS HEALTHCARE<br>SYSTEM INC., et al.<br><br>  Defendants | Civ. No. 09-11461-DPW<br>Civ. No. 09-11725-DPW |

**MOTION OF MASSACHUSETTS NURSES ASSOCIATION
TO INTERVENE AS OF RIGHT UNDER FRCP 24(a)(2)
OR, IN THE ALTERNATIVE, FOR LEAVE
TO INTERVENE UNDER FRCP 24(b)(2)**

**I.     MOTION**

Pursuant to Rule 24(a)(2) or, in the alternative, Rule 24(b)(2), the Massachusetts Nurses Association seeks leave to intervene as a party defendant in the above-captioned matter.

**II.    STATEMENT OF REASONS WHY
        MOTION SHOULD BE ALLOWED**

**A.     Statement Of Relevant Facts.**

The Massachusetts Nurses Association ("MNA") is a Massachusetts non-profit corporation and serves as the collective bargaining representative for over 20,000 registered nurses ("RNs") employed in Massachusetts. Affidavit of Roland Goff (hererinafter, "Goff Aff."), ¶2. In its capacity as collective bargaining representative, MNA is party to dozens of collective bargaining

agreements ("CBAs") with Massachusetts health care facilities, including several owned and/or operated by Partners Healthcare Systems, Inc. that are parties to this action. Goff Aff., ¶3. In particular, MNA has CBAs with Brigham & Women's Hospital ("Brigham & Women's"), Faulkner Hospital ("Faulkner"), Newton-Wellesley Hospital ("Newton-Wellesley"), North Shore Medical Center ("North Shore"), Nantucket Cottage Hospital ("Nantucket"), and Martha's Vineyard Hospital ("Martha's Vineyard") (together, the "Partners facilities"). Goff Aff., ¶3. The CBAs between MNA and these Partners facilities set forth the terms and conditions of employment, including wages, hours of work, and payment of overtime, for RNs in the relevant bargaining units. Goff Aff., ¶4. MNA became aware of the instant lawsuit early in 2010 when it received phone calls about a notice sent to Massachusetts RNs. Goff Aff., ¶5. In response to inquiries, MNA advised RNs covered by its CBAs to file grievances over any nonpayment of overtime. Goff Aff., ¶6. MNA was not informed of, or invited to join, any exchange of information, negotiations, or mediation between the current parties to this action. Goff Aff., ¶7. MNA learned of the Plaintiff's Motion for Preliminary Approval of Class and Collective Action Settlement in this matter on or about November 12, 2010. Goff Aff., ¶8.

    **B.**    **Argument As To Why MNA Should Be Permitted To Intervene By Right.**

The MNA must show four things to be entitled to intervene as of right in this case. Its request to do so must be timely; it must claim a "direct and substantial" interest in the subject of this suit; it must be so situated that the

disposition of the action may as a practical matter impair or impede its ability to protect that interest; and the existing parties must not be adequate representatives of its interest.  Caterino v. Barry, 922 F.2d 37, 39-40 (1st Cir. 1990).  As set forth below, all four questions should be resolved in favor of the MNA's intervention.

### 1. The MNA's Petition Is Timely.

"[T]he purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal."[1]  The First Circuit has specified four factors to be considered in evaluating the timeliness of an intervention motion:

> (i) the length of time the prospective intervenor knew or reasonably should have known of their interest before they petitioned to intervene;
>
> (ii) the prejudice to existing parties due to the intervenor's failure to petition for intervention promptly;
>
> (iii) the prejudice the prospective intervenors would suffer if not allowed to intervene; and
>
> (iv) the existence of unusual circumstances militating for or against intervention.

United States v. Metropolitan Dist. Comm'n, 865 F.2d 2, 5 (1st Cir. 1989).  The passage of time is not determinative; rather, "the most important consideration . . . is whether the delay in moving for intervention will prejudice the existing parties to the case." Nissei Sangyo Am. v. United States, 31 F.3d 435, 439 (7th Cir. 1996) (citations omitted).  See also Aurora Loan Services v. Craddieth, 442

---

[1] Skokaogon Chippewa Community v. Babbitt, 214 F.3d 941, 949 (7th Cir. 2000)

3

F.3d 1018, 1027 (7th Cir. 2006) ("[I]n the absence of any indication of prejudice to the [existing parties] . . . the motion cannot be adjudged untimely as a matter of law.").

In <u>Cosby v. Department of Social Services</u>, the Massachusetts Appeals Court found a union's motion to intervene under Mass. R. Civ. P. 23(a)(2)[2] to be timely where the underlying claims had not yet gone to trial nor been subject to extensive discovery.  See <u>Cosby v. Department of Social Services</u>, 32 Mass. App. Ct. 392, 395 (1992); <u>see also</u> J.W. Smith & H.B. Zobel, Rules Practice §24.4 (1975 and Supp. 1991).  A stricter standard is applied where judgment has already entered, or a settlement has been finalized.  <u>See, e.g.</u>, <u>McDonnell v. Quirk</u>, 22 Mass. App. Ct. 126 (1986); <u>R & G Mortgage Corp. v. Federal Home Loan Mortgage Corp.</u>, 584 F.3d 1 (1st Cir. 2009).

The MNA's motion to intervene in this case is timely.  The complaint was originally filed in September, 2009, and has evidently been stayed for much of that time while the parties engaged in confidential mediation.  See Proposed Stipulation and Settlement Agreement at 5-7.  No class has been yet certified under FRCP Rule 23; nor has any settlement yet been approved, even on a preliminary basis.  In November 2010, the Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement, in which -- for the first time – the possibility of an effect on MNA's collective bargaining agreements with some of the Defendants was made explicit.  The MNA has taken seasonable action once its interests were threatened.

---

[2]  The Massachusetts rule uses the same language as the Federal rule.

4

## 2. The MNA Has A Direct And Substantial Interest In This Case.

The second factor requires an intervenor to have a "direct and substantial" interest in the "property or transaction" at issue. The First Circuit has declined to adopt a clear standard for evaluating this factor, noting instead that the varied nature of the interests at stake in different cases may lead to different results. See, e.g., Conservation Law Found. of New England, Inc. v. Mosbacher, 966 F.2d 39, 41-42 (1st Cir. 1992) (*quoting* Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 638 (1st Cir. 1989)). Nevertheless, an "intervenor's claims must bear a sufficiently close relationship to the dispute between the original litigants and that the interest must be direct, not contingent. Id. at 42 (internal quotations omitted).

The MNA has a cognizable interest in the outcome of this proceeding. First, as the exclusive bargaining representative for a large number of the employees encompassed by the Proposed Class, it has a legal duty to advocate for those employees' terms and conditions of employment, including compensation. See, e.g., 29 U.S.C. §§ 158(d) and 159(a); see also Vaca v. Sipes, 386 U.S. 171, 177 (1967). Whether those employees were properly compensated, and (if they were not) what remedy is appropriate is of direct relevance to the MNA. Indeed, any settlement resolving such claims without the participation of the MNA would undermine the MNA's role as exclusive bargaining representative; ordinarily, such a resolution would be illegal "direct dealing."

Second, the MNA is a party to several collective bargaining agreements setting the terms and conditions of employment for RNs employed at the Partners facilities. By its own terms, the Proposed Settlement would purport to waive claims under these union contracts. See, e.g., Proposed Stipulation and Settlement Agreement at 8 (description of waived claims), 17 (definition of "FLSA Releasing Persons"), and 44 (description of released claims). Further, the Proposed Settlement purports to oblige employees of the Partners facilities, including RNs represented by MNA, to participate in a payroll monitoring scheme that would ordinarily be a mandatory subject of bargaining, but that has been created without notice to, much less participation by, MNA. See, e.g., Proposed Stipulation and Settlement Agreement at 13-15 ("Current Employee Certification" process and "ELT Training" process). Any of the foregoing interests is sufficient to support intervention in this case by MNA.

### 3. Disposition Of The Claims In This Case Will Impair MNA's Ability To Protect Its Interests.

The First Circuit has recognized that the nature of a would-be intervenor's interests is often closely related to how those interests would be impaired, absent intervention. See Conservation Law Found., *supra*, at 42. If the claims in this matter are settled without MNA's participation on anything like the terms set forth in the Proposed Stipulation and Settlement Agreement, MNA's contractual and representational interests will be irrevocably damaged.

### 4. The MNA's Interests Are Not Adequately Represented By Any Other Party.

Neither the Plaintiffs/Proposed Class Representatives nor the Defendants can be relied upon to adequately represent the interests of the MNA, or of the RNs represented by MNA. The existing parties have reached a Proposed Settlement that does not differentiate between the varying contractual rights that different members of the Proposed Class may have, but which waives all such rights for a one-size-fits-all compensation formula. The Plaintiffs/Proposed Class Representatives do not appear to have any interest in enforcement of the terms of the MNA CBAs, or in MNA's role as exclusive bargaining representative. As for the Defendants, while MNA and the Partners facilities have achieved substantial mutual gains through collective bargaining, it must be said that their interests are, at least in part, adversarial. Finally, it appears that the parties have mediated their Proposed Settlement without the benefit of formal discovery, leaving the value of the claims asserted unverifiable. Under these conditions, the least one can say is that it is difficult to evaluate the degree to which MNA's contractual interests have been adequately represented by the parties.

### C. In The Alternative, The Court Should Exercise Its Discretion To Permit MNA To Intervene Under Fed. R. Civ. P. 24(b).

Alternatively, each of the factors discussed above provide ample support for the Court to exercise its discretion under Fed. R. Civ. P. 24(b)(2) to permit the MNA to intervene. Under that portion of the rule, and on timely motion, the court may permit "anyone to intervene who… has a claim or defense that

shares with the main action a common question of law or fact." Here, *inter alia*, the MNA has in common with the Defendants the question of whether the Plaintiffs'/Class Representatives' claims are pre-empted by federal labor law. See Answer at 13-14 (Tenth, Eleventh, and Twelfth Defenses).

### III.   CONCLUSION

For the reasons set forth above, the Massachusetts Nurses Association respectfully requests that its motion to intervene pursuant to FRCP 24(a)(2) be ALLOWED or in the alternative, that its motion for permissive intervention under Rule 24(b)(2) be ALLOWED.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, the MNA requests a hearing on this motion.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Undersigned counsel hereby certifies that he has contacted counsel for the parties to confer regarding this Motion.

Respectfully submitted,

For the Massachusetts Nurses Association,

By its attorneys,

*/s/ Mark A. Hickernell*
Alan J. McDonald, BBO #330960
Jack J. Canzoneri, BBO #564126
Mark A. Hickernell, BBO #638005
McDonald, Lamond & Canzoneri
Cordaville Office Center
153 Cordaville Road, Suite 320
Southborough, MA 01772-1834
(508) 485-6600
amcdonald@masslaborlawyers.com
jcanzoneri@masslaborlawyers.com

Dated:  February 10, 2011            mhickernell@masslaborlawyers.com

## CERTIFICATE OF SERVICE

      I, Mark A. Hickernell, hereby certify that I have this day served a copy of the foregoing Motion Of Massachusetts Nurses Association To Intervene As Of Right Under FRCP 24(A)(2) Or, In The Alternative, For Leave To Intervene Under FRCP 24(B)(2) upon all counsel of record via the ECF filing system.

Dated:  February 10, 2011        /s/ *Mark A. Hickernell*
                                            Mark A. Hickernell